Boy 0. Moon, J.
The defendant, Frederick Mead, through his counsel, moved the court on the second day of December, 1958, for an order dismissing the indictment which had been returned against the defendant by the October 1958 Grand Jury summoned in connection with the Supreme Court and which indictment had been transferred to County Court for arraignment and for all further proceedings.
Defendant contends that the indictment is defective upon the ground that prior to October, 1958 and during the period from *172 the time with which he was charged with the commission of a crime he had been represented by John J. Fromer, Esq.; that a previous indictment had been returned arising out of the same circumstances which led to the indictment which defendant seeks to have dismissed in May of 1958, and at that time, defendant filed a waiver of immunity and testified in his own behalf before the Grand Jury and that this indictment was subsequently dismissed. A second indictment arising out of the same facts was returned by the same Grand Jury which was reconvened in July of 1958 and, at that time, no testimony was taken before the Grand Jury and this second indictment was subsequently dismissed. Defendant’s counsel, John J. Fromer, Esq., was appointed Assistant District Attorney of the County of Greene on October 6, 1958. He alleges that the then counsel for the defendant inadvertently. failed to notify him of his appointment as Assistant District Attorney and that his failure to do so was prejudicial to and violated his constitutional rights and that he was prevented from obtaining legal counsel to defend himself and was prevented from testifying before the Grand Jury which he had done previously on his own behalf in May of 1958.
The People contend that the second indictment was not dismissed as no order was submitted and that the one returned by the October Term of Grand Jury was a superseding indictment to correct the alleged defects in the previous itidictment. The People further contend that the defendant knew or had reason to know that the matter was to be presented to the Grand Jury summoned in connection with the October Term of Supreme Court and that he failed to avail himself of his right to appear before the Grand Jury.
The defendant has no constitutional right to testify before the Grand Jury. The only right given to the defendant is that provided for under section 250 of the Code of Criminal Procedure. Section 250 of the Code of Criminal Procedure provides in part (subd. 2 thereof) as follows: “ When any .person has reason to believe that a grand jury is investigating a charge that he has committed'a crime, such person, may as a matter of right voluntarily file with the foreman of the grand jury and with the district attorney of the county, a request that he be heard in person before such grand jury with reference to such charge; such request shall be personally served on both the foreman of the grand jury and on the. district attorney. Before finding an indictment, in ease such a request is so filed the grand jury or the district attorney upon the, request of the grand jury shall serve in person or shall send by mail to the *173 address given in such request a notice to the effect that such person will be heard by the grand jury at a given time and place and, before finding an indictment, shall hear such person if he appears at the time appointed, and need not hear any witness on his behalf unless the grand jury so desires, and may permit him to testify under oath and give evidence in his own behalf and may cross-examine him if he so testifies. He shall be allowed to appear and testify only if he executes, acknowledges and files with the county clerk a waiver of immunity as provided in section twenty-four hundred forty-six of the penal law and serves a copy thereof on the district attorney. In case an indictment is found against such person by the grand jury upon which the request was served in violation of this subdivision it shall be set aside by the court upon motion made by the defendant at or before the time of pleading thereto.”
This right given to the defendant by section 250 of the Code of Criminal Procedure is a substantial right and one that the defendant had previously availed himself of when the charges arising out of the same set of facts were submitted to the Grand Jury convened at the May Term of Supreme Court.
While the court does not question that it was through inadvertence that the defendant was not advised that Ms former counsel was an Assistant District Attorney of the County of Greene at the time that the testimony was presented to the Grand Jury at the October Term of Supreme Court charging him with the crime wMch resulted in the indictment now before this court, nonetheless, the defendant was deprived of substantial rights; that of being represented by counsel and as a result of not being represented, Ms right to apply to appear before the Grand Jury.
Section 250 of the Code of Criminal Procedure, as above set forth, provides in part, that when an indictment is found against a person by the Grand Jury upon wMch the request was served by the defendant that he be allowed to appear and testify, if the defendant is not permitted to do so in violation of this subdivision, the indictment shall be set aside by the court. Section 250 of the Code of .Criminal Procedure does specifically state that if a case is considered by another Grand Jury, it shall not be required to hear the defendant unless a further written request is made upon such Grand Jury in the manner prescribed by this subdivision. In the instant case, it appears that although the request was not made to the Grand Jury pursuant to section 250 of the Code of Criminal Procedure, defendant at the time was not represented by counsel and had no way to protect his rights. There is every reason to believe *174 that the defendant would have made such a request and would have appeared, particularly in view of the fact that he had previously testified before another Grand Jury upon charges arising out of the same set of facts.
The right granted to a defendant under section 250 of the Code of Criminal Procedure is a substantial right and when violated is sufficient grounds to set aside the indictment. (People v. Rosen, 74 N. Y. S. 2d 624; People v. Blair, 33 N. Y. S, 2d 183.)
It is the opinion of this court that the failure to notify the defendant that the charges against him were being presented to the Grand Jury at a time when he was in reliance upon the fact that he was represented by counsel and when the District Attorney knew that the former counsel for the defendant was in fact an Assistant District Attorney and could not appear for the defendant or in any way advise him was a violation of a substantial right of the defendant. While it is true that the only right afforded to a defendant to appear before the Grand Jury is a statutory right, nonetheless, in view of the circumstances here it would appear that the defendant believing that he was represented by counsel and relying upon this representation was not accorded the right granted by section 250 of the Code of Criminal Procedure and that the presentation of the charge against him to the Grand Jury under the circumstances contained here would, indeed, deprive him of a substantial right. The indictment should be dismissed.
An order may be submitted dismissing the indictment and providing that the same may be resubmitted to the next Grand Jury.