■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. BETTY MEAD DECKER, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FREDERICK MEAD, Respondent.— Appeal by the People from two orders of the Greene County Court, each of which dismissed an indictment against defendant. Defendant was indicted on May 27, 1958 on two counts, one charging arson in the second degree in violation of subdivision 2 of section 222 of the Penal Law, and the other charging perjury. This indictment was dismissed with a direction that the matter be resubmitted to the same Grand Jury. The reconvened Grand Jury handed up an indictment charging only arson in violation of subdivision 5 of section 222 of the Penal Law, without hearing any further evidence. This indictment was dismissed on the ground that the new indictment was for an offense involving different and additional elements than the previously dismissed indictment, and therefore the Grand Jury could not reindict on the same evidence. The People appeal from this order although it permitted resubmission to the next Grand Jury. *People* v. *Salerno* (3 N Y 2d 175) and *People* v. *Falasco* (121

Misc. 538) hold that the same Grand Jury may find a new indictment for the same crime without hearing witnesses anew. In each of these cases the court uses language strongly suggesting that the rule would be otherwise if the new indictment was for a different offense. Such was the case here, and the validity of the new indictment is at least doubtful. Although an appeal was taken from that order of dismissal and is now before us, the District Attorney, pursuant to the order actually did resubmit the matter to another Grand Jury, and a new indictment for violation of subdivision 5 of section 222 of the Penal Law was returned. A few days before this Grand Jury convened defendant's counsel was appointed Assistant District Attorney and became legally powerless to act as her counsel. No one notified the defendant that she was without counsel, and, so far as appears from this record, she was unaware of that fact. The County Court dismissed this last indictment on the ground that defendant had been, in effect, denied the opportunity to appear before the Grand Jury pursuant to section 250 of the Code of Criminal Procedure, which the court held to be a substantial right, and a privilege which defendant had availed herself of when her case was presented to the first Grand Jury. While section 250 of the code does not require that a defendant be notified that a Grand Jury is investigating a charge against her, it might be construed that, under the peculiar circumstances here, she was deprived of an opportunity to appear by lack of counsel to advise her and lack of notice that she was without counsel. Again, the validity of this indictment is at least open to doubt. If we were to reverse both orders, as the District Attorney asks, he would be left with two indictments for the same offense against the same defendant returned by separate Grand Juries. Rather than to proceed under an indictment possibly open to question, the better practice would be to resubmit the matter as directed. Orders unanimously affirmed, and resubmission to the next regularly convened Grand Jury is directed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ. [16 Misc 2d 171.] [It was stipulated that the same questions of fact and law arose out of both cases and that any orders entered as a result of one appeal should be entered as to the other.]