James E. Mulcahy, J.
The attorney for defendant moves for an order dismissing the indictment on the ground that the defendant’s constitutional rights were violated in that defendant was deprived of his right to testify before the Grand Jury as provided for in section 250 of the Code of Criminal Procedure.
The movant alleges that the defendant was arrested on September 13,1961 and arraigned in the Felony Part of the Magistrates’ Court on the same day charged with the crimes of kidnaping, assault and possession of a dangerous weapon. The affiant then states that while the complaint was pending in the Felony Court the case was presented to the Grand Jury without the defendant or his attorney being informed. Thereafter, on October 13, 1961 the defendant was arrested on a Grand Jury warrant arising out of the charges then pending in the Felony Court and arraigned in Part I of the Court of General Sessions.
The claim is now made that the District Attorney, having chosen to proceed in the Felony Court it was improper to present the case to the Grand Jury without notifying the defendant or his attorney. It is alleged that by such action on the part of the District Attorney, the 'defendant was deprived of his right to appear and testify before the Grand Jury which considered the charges against him.
The defendant has no constitutional right to testify before the grand jury. In People v. Pryor (11 N. Y. S. 2d 393, 394) the court stated — “Failure to afford defendant opportunity to petition the Grand Jury to be heard on his own behalf does not deprive him of a fundamental right.”
*834 The defendant, however, is afforded the right to petition the grand jury to appear before it by statute (Code Grim. Pro., § 250).
Subdivision 2 of section 250 of the Code of Criminal Procedure provides that: “ When any person has reason to believe that a grand jury is investigating a charge that he has committed a crime, such person, may as a matter of right voluntarily file with the foreman of the grand jury and with the district attorney of the county, a request that he be heard in person before such grand jury with reference to such charge ’ ’.
An examination of this section indicates that there is no requirement for the District Attorney to notify the defendant of the grand jury proceeding. On the contrary, it is necessary for the prospective defendant to secure information on his own. The motion is denied.