THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RICHARD PAUL GROSSMAN, Defendant.

County Court, Columbia County, July 31, 1962.

*David A. Hendler, District Attorney,* for plaintiff. *Connor, Millman & Connor (William E. J. Connor* of counsel), for defendant.

WILLIAM F. CHRISTIANA, J. This is a motion brought to dismiss an indictment accusing defendant of the crime of rape in the first degree. The motion is predicated on the ground that the indictment was procured in violation of the rights afforded defendant under subdivision 2 of section 250 of the Code of Criminal Procedure.

It appears that defendant, a young married man from a highly respectable family, was apprehended by the State Police during the evening of April 23, 1962. Later the same night, he was arraigned on the charge before a Magistrate and waived to the Grand Jury. Following his arraignment, he was incarcerated in the Columbia County Jail. The following morning, defendant's father retained counsel who contacted the District Attorney for the purpose of arranging bail. The District Attorney advised counsel that he was busy with certain Grand Jury commitments and refused, for the moment, to waive the two days' notice required by section 560 of the Code of Criminal Procedure. Thereupon, counsel for defendant moved to fix bail. In the afternoon of the same day, the District Attorney waived notice of the application for bail and the amount of defendant's bond was set by this court. In the interim, the District Attorney had presented the case against defendant to the Grand Jury and the indictment under attack had been found.

Counsel for defendant contends that '' the haste and conduct of the District Attorney prevented the defendant from exercising the right granted to him by Section 250 of the Code of Criminal Procedure to make an explanation of the charge being investigated by the Grand Jury, and the violation of this is legal grounds to set aside the indictment.'' Stated otherwise, as I understand it, it is asserted that under the circumstances, the failure of the District Attorney to notify defendant that he might, if he chose, appear personally before the Grand Jury has denied defendant a substantial right sufficient to justify the granting of this motion. With this point of view, I am

constrained to disagree. There appears to be nothing contained in section 250 of the Code of Criminal Procedure which compels the District Attorney to notify any person that a Grand Jury is investigating a charge against him. (*People* v. *Decker,* 11 A D 2d 600.)

The policy of the law is to surround the deliberations of a Grand Jury with secrecy. (Code Crim. Pro., §§ 238, 239, 258; Penal Law, § 1782; *People* v. *Blair,* 17 Misc 2d 265; *People* v. *Banks,* 27 Misc 2d 557 and cases therein cited. See, also, Paperno and Goldstein, Criminal Procedure in New York, § 133, pp. 225–227.) Consequently, it seems apparent that the District Attorney is under no obligation to advise a person under investigation or his counsel of anything whatsoever. Indeed, such a requirement would place an undue burden on the District Attorney and is not contemplated under the language of the statute. Subdivision 2 of section 250 of the Code of Criminal Procedure merely gives the suspect a right to file a request with the foreman of the Grand Jury and the District Attorney to be personally heard. Unless a person under investigation follows the procedure outlined in the statute, no rights whatsoever arise. It follows that the failure of the District Attorney to afford defendant an opportunity to be heard on his own behalf before a Grand Jury does not deprive him of a fundamental right. (*People* v. *Pryor,* 11 N. Y. S. 2d 393.)

Attention has been directed to *People* v. *Mead* (16 Misc 2d 171, affd. 11 A D 2d 600) where defendant had been indicted for arson in the second degree. At the time the case was presented to the Grand Jury, the accused was represented by counsel who later became an Assistant District Attorney. On the advice of such counsel, and prior to his appointment as a prosecutor, defendant had elected to invoke the provisions of the statute. The Grand Jury returned an indictment against the defendant which was later dismissed and the matter ordered resubmitted. The case was subsequently again presented to the Grand Jury by the Assistant District Attorney who had previously been defendant's counsel. No notice of such resubmission had been given to the defendant. The court remarked: " While section 250 of the code does not require that a defendant be notified that a Grand Jury is investigating a charge against her, it might be construed that, under the peculiar circumstances here, she was deprived of an opportunity to appear by lack of counsel to advise her and lack of notice that she was without counsel." (*People* v. *Mead,* 11 A D 2d 600, 601.)

It is to be noted that the court speaks of " under the peculiar circumstances here ". It is my judgment that *Mead* was

determined by reason of unusual and rather extraordinary circumstances and is limited to its own state of facts.

Defendant also relies on the ruling in the case of the *People* v. *Rosen* (74 N. Y. S. 2d 624). There, defendant was charged with the unlawful possession of a revolver. After a preliminary examination in Felony Court before a Magistrate, during which defendant personally testified, the information was dismissed. Several months later, the case was presented to a Grand Jury which returned an indictment charging defendant with the same crime. Defendant was given no notice by the District Attorney of any pending Grand Jury investigation against him. A motion to set aside the indictment was granted. In the course of its opinion (p. 627) the court said: "Section 257 [now § 250] of the Code of Criminal Procedure specifically provides that a defendant, who has reason to believe that a grand jury is investigating a charge against him, has a right to file with the foreman of the grand jury and with the district attorney a request that he be heard in person before the grand jury with reference to such charge. That person then has a right to appear before the grand jury and explain his conduct. In this instance, the district attorney knew that this defendant had voluntarily testified in the felony court which had dismissed the charge against him, and although the district attorney must have been cognizant of the fact that this defendant would have appeared before the grand jury to give his explanation for not having obtained a permit, nevertheless, for some mysterious and wholly unexplained reason, no opportunity was afforded to this defendant. Instead, his reputation was blasted by the filing of an indictment against him and the holding of this trial." A close analysis of the *Rosen* case would appear to indicate, however, that the decision actually turned on the fact that " there is not the slightest evidence of criminal intent " (p. 628). Also, it is to be noted that, as in the *Mead* case, the defendant involved had given evidence on a previous occasion.

In my opinion, both *Rosen* and *Mead* are limited to their own particular state of facts and provide no authority for a general proposition that the failure of a District Attorney to notify a person under investigation of the provisions of subdivision 2 of section 250 of the Code of Criminal Procedure constitutes a violation of a fundamental right. It may be inferred from both of these cases that a person under investigation, who by proper petition, exercises the privilege secured to him by section 250 of the Code of Criminal Procedure, invokes rights which, if violated, may prove fatal to an indictment. (See, also, *People* v.

*Hirschberg,* 37 N. Y. S. 2d 861; *People* v. *Blair,* 17 Misc 2d 265, *supra.*)  Here, however, no rights were initiated by virtue of the fact that no request to appear personally to testify had been exercised by or on behalf of defendant.

Moreover, subdivision 1 of section 253 of the Code of Criminal Procedure directs that the Grand Jury must inquire into the case of every person imprisoned in the jail of the county on a criminal charge and not indicted.  Hence, in offering the case for the consideration of the Grand Jury, however swiftly, the District Attorney was acting in compliance with a statutory mandate.

The motion is denied.  Submit order accordingly.