Robert J. Traihor, J.
Defendant moves for an inspection of the minutes of the Grand Jury that returned indictments charging him with - multiple counts of burglary, third degree and grand larceny,'first degree. The allegations of defendant are basically the insufficiency of. testimony, and, since they consist of mere speculation as to the quantity and quality of evidence submitted they do not meet the requirements laid down in People v. Howell (3 N Y 2d 672). The court has nonetheless reviewed the minutes and finds sufficient proof to sustain the indictments pursuant to section 251 of the Code of Criminal Procedure.
A novel theory is presented in this application on behalf of defendant. It is claimed that the United States Supreme Court in Escobedo v. Illinois (378 U. S. 478) held that failure to permit the defendant to testify before a Grand Jury accompanied by his attorney is a violation of the defendant’s constitutional rights and would warrant a dismissal of the indictment.
*872 This court can find no such holding, express or implied, in the Escobedo case. One of the factual findings in the Escobedo case was that the defendant, who was in police custody and under interrogation, and who had- been denied counsel, had become the “ target ” of the police, consequently the investigative stage of the proceeding had passed and the defendant, at that stage, had the right to be represented by counsel and any statement thereafter-made by him, in the absence of counsel, could not be used in evidence against him. There is nothing new or startling in this (see People v. Donovan, 13 N Y 2d 148, and People v. Failla, 14 N Y 2d 178).
The instant application does not deal with a situation where the police or prosecutor sought to obtain a statement from the defendant in the absence of counsel. Indeed, the defendant had sought and received the advice of competent counsel before he was indicted. His complaint involves a situation which was not even touched upon in Escobedo, which concerned itself with police interrogation.
“ A grand jury is a body of persons, returned at stated periods from the citizens of the county, before a court of competent jurisdiction, and chosen by lot, and sworn to inquire of crimes committed or triable in the county”. (Code Grim. Pro., § 223.) The Grand Jury is designed as a barrier between the liberty of persons and tyranny of the executive. (People v. Harris, 182 Misc. 787.)
“ The grand jury is a constituent part of the court and is under its supervision and control. It can only act in the manner prescribed by law. The functions of the grand jury are of the highest importance in the due administration of justice. It should never be forgotten, however, that the establishment of this inquisitorial body was designed not only as a means of bringing to trial those accused of public offenses upon just grounds but had for its primary object the protection of the innocent against unfounded accusations from whatever source they might originate. The duties imposed by law upon a grand jury are of a dual character, one to society to see that persons justly suspected of crime are held to answer; the other to the citizen to see that he is not subjected to prosecution upon accusations based on envy, hatred or malice”. (Matter of Funston, 133 Misc. 620, 621.)
An accused has no constitutional right to appear and testify before a Grand Jury and has only those rights afforded him by statute. Section 250 of the Code of Criminal Procedure sets forth the conditions under which such person may appear and testify before a Grand Jury: ‘ ‘ He shall be allowed to *873 appear and testify only if he executes, acknowledges and files with the county clerk a waiver of .immunity ”. Section 255 sets forth with specificity who may be present during Grand Jury sessions, and a witness’s counsel is not one of them.
“ The proceedings before a grand jury are not criminal prosecutions within the meaning of a constitutional provision that accused, in all criminal prosecutions, shall have the right to be heard by himself and by counsel and be confronted by witnesses”. (38 C. J. S., Grand Juries, p. 1038, citing United States v. Scully, 225 F. 2d 113 [C. A. 2d] cert. den. 350 U. S. 897; and United States v. Grunewald, 164 F. Supp. 640 [U. S. Dist. Ch., S. D. N. Y.].)
‘ ‘ This court has not had called to its attention and knows of no constitutional or statutory requirement that notice of a Grand Jury investigation be given one who is a prospective defendant in such investigation or that such prospective defendant be entitled to counsel and afforded an opportunity to request a hearing before a Grand Jury has power to indict. Our whole legal concept of the function of a Grand Jury is inconsistent with such a requirement, the Grand Jury not being a body engaged in determining the issue of a defendant’s guilt or innocence but rather being an inquisitorial body of citizens charged with the duty under law of conducting its own investigation into all crimes within its jurisdiction, without disclosure of its activities ”. (People ex rel. Mleczko v. McCloskey, 33 Misc 2d 175, 177, unanimously affd. 16 A D 2d 878; see, also, People v. Powell, 31 Misc 2d 833.)
To grant this application would hasten the trend of “ constitutional rights ” of defendants to the reductio ad absurdum toward which it seems to be heading.
The motion is denied in all respects.