Bernard Tomson, J.
This is a motion by the defendant for an order dismissing the indictment on the ground that the defendant was not afforded an opportunity to appear and testify before the Grand Jury as permitted by the Criminal Procedure Law. The defendant has clearly misread the language and purpose of the relevant sections.
The underlying facts are not in dispute. The defendant was arraigned upon a felony complaint in the Nassau County District Court, First District, on December 21, 1970. He waived a felony examination and was ordered held to await Grand Jury action. On September 24, 1971 he was indicted and then arraigned on the indictment on October 7, 1971. The instant application was made on October 8, 1971.
CPL 210.20 (subd. 1, par. [c]) provides that: “1. After arraignment upon indictment, the superior court may, upon motion of the defendant, dismiss such indictment * * * upon the ground that * * * (c) The grand jury proceeding was defective, within the meaning of section 210.35 ”.
The relevant “ defect ” argued is found in CPL 210.35 (subd. 4) to wit: “ The defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of section 190.50 ’ ’.
CPL 190.50 (subd. 5, par. [a.]) sets forth the circumstances under which a person who was not called as a witness by the People or the Grand Jury may as a matter of right appear and testify at the proceedings. To exercise this right, a person, who is having, is about to have, or has had criminal charges submitted against him to the Grand Jury, must, prior to the filing of an indictment or direction to file a prosecutor’s information, serve written notice on the District Attorney of his desire to testify in his own behalf. (The defendant here served no such notice.) However, if the matter is presented to the Grand Jury while it is still in the local criminal court, the District Attorney is required to serve an appropriate notice on the defendant. (CPL 190.50, subd. 5, par. [a]; see McKinney’s Cons. Laws of N. Y., Book 11A, CPL 170-329, p. 145, Practice Commentary by Richard G. Denzer for CPL 190.50: ‘ ‘ Under the new provision, he is entitled to notification if — and only if — he has been arraigned upon an as yet undisposed of felony complaint in a local criminal court (subd. 5 [a]). This provision is designed to prevent a district attorney from depriving a defendant of the opportunity of grand jury appearance which would accrue to him in the normal course of events by suddenly and secretly ‘ lifting ’ the case out of the lower court and into the grand jury at a time when the defend *1012 ant has no reason to believe a grand jury proceeding to be in progress.”
CPL 190.50 (subd. 5, par. [c]) provides that failure to notify the defendant pursuant to paragraph (a) of subdivision 5 is a defect in the Grand Jury proceeding which would warrant dismissal of the indictment upon a timely motion pursuant to CPL 210.20. It must be noted that paragraph (c) of subdivision 5 modifies the time limit set forth in CPL 210.20 for making a motion to dismiss, on the specific ground of failure to accord the defendant an opportunity to testify before the Grand Jury. Whereas a motion to dismiss in general may be brought any time after indictment, when this specific allegation is asserted, the motion must be made “ not more than five days after the defendant has been arraigned upon the indictment (subd. 5, par. [c]).” Failure to timely move is deemed a waiver of a challenge on this ground. The staff comments to section 190 indicate this deadline was established to separate those with a sincere desire to testify before the Grand Jury from those with no such intention. This deadline is not unduly restrictive since ‘1 A motion on notice is made when a notice of the motion or an order to show cause is served.” (CPLR, 2211.)
The key phrase in determining the requirement for notifying a defendant of a pending Grand Jury proceeding is “ arraigned in a local criminal court upon a currently undisposed of felony complaint which is the subject of the proceeding.” A felony complaint is deemed disposed of in the lower criminal court after a felony examination (CPL 180.70) or waiver of said examination (CPL 180.30). When the order directs the defendant be held for the Grand Jury the People need not thereafter give notice of a pending Grand Jury proceeding since the defendant is on notice that such a proceeding is forthcoming. The remaining alternate dispositions are not relevant here.
Based upon the foregoing review of the law the court finds: 1) the motion was timely made, 2) the defendant waived his felony examination and thereby the felony complaint was disposed of prior to the commencement of the Grand Jury proceedings, and no notice by the People was required, and 3) the defendant failed to serve notice upon the District Attorney of an intent to testify as required by CPL 190.50.
It is, therefore',
Ordered that the motion is in all respects denied.