Max Bloom, J.
Defendant moves to dismiss the indictment against her upon the ground that she was not informed by the District Attorney of her right to appear before the Grand Jury, as specified in CPL 190.50 (subd. 5, par. [a]).
The facts are relatively simple. On September 15, 1971, defendant was arraigned in the Criminal Court of the City of New York, Bronx County Division. On November 19, 1971, the charge against her was dismissed, without hearing, for failure of the People to prosecute. Thereafter, the case was presented to the Grand Jury which, on December 14, 1971, returned a four-count indictment against her, charging her with one count of assault in the first degree, two counts of assault in the second degree, and one count of possession of a weapon as a misdemeanor. On May 19, 1972, she was arraigned on a bench warrant. This motion followed on May 23,1972, well within the five-day period mandated by CPL 190.50 (subd. 5, par. [c]).
CPL 190.50 (subd. 5, par. [a]) reads as follows:
“ Although not called as a witness by the people or at the instance of the grand jury, a person has the right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
“ (a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any *1076 direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may he sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.”
The first sentence of paragraph (a) of subdivision 5 is derived, in substance, from section 250 of the Code of Criminal Procedure. That section conferred upon a prospective defendant the right to request the opportunity to be heard by the Grand Jury. Although the right was recognized not to be of constitutional dimension (People v. Galarotti, 46 Misc 2d 871; People v. Powell, 31 Misc 2d 833), the statute gave standing to a prospective accused to be heard, once request was made for the opportunity to testify and immunity was waived (People v. Reynolds, 35 A D 2d 529; People v. Weis, 32 A D 2d 856, cert. den. 397 U. S. 1047; People ex rel. De Groat v. Wallack, 16 A D 2d 994, cert. den. 372 U. S. 920).
The Criminal Procedure Law added to the right theretofore conferred by section 250 of the Code of Criminal Procedure the second and third sentences of paragraph (a) of subdivision 5 which imposes upon the District Attorney the obligation of notifying the defendant of the impending Grand Jury proceedings where the defendant “has been arraigned in a local criminal court upon a currently undisposed of felony complaint ” which is the subject of the Grand Jury investigation. The purpose of this addition is made clear by the Practice Commentary to CPL 190.50: “The CPL provision, however, grants the defendant one additional right. Under the Code, he was not, under any circumstances, entitled to notification that a grand jury proceeding against him was pending or in progress, and hence was not in a position to avail himself of his right to testify unless he knew of the proceeding. Under the new provision, he is entitled to notification if — and only if- — he has been arraigned upon an as yet undisposed of felony complaint in a local criminal court (subd. 5 [a]). This provision is designed to prevent a district attorney from depriving a defendant of the opportunity of grand *1077 jury appearance which would accrue to him in the normal course of events by suddenly and secretly 1 lifting ’ the case out of the lower court and into the grand jury at a time when the defendant has no reason to believe a grand jury proceeding to be in progress”. (McKinney’s Cons. Laws of N. Y., Book 11A, p. 145.)
Here the proceeding was instituted by arrest and the filing of a complaint in a local criminal court. There is no showing — indeed, there is no endeavor to show — that the dismissal was part of a plan to deprive the defendant “ of the opportunity of grand jury appearance which ’ ’ would have accrued ‘ ‘ in the normal course of events by suddenly and secretly ‘ lifting ’ the case out of the lower court and into the grand jury at a time ” when she had no reason to believe that she was the subject of Grand Jury attention. The time lapse between the dismissal by the Criminal Court and the indictment clearly indicates the contrary.
The proceeding in the local criminal court had terminated at the time of the presentation to the Grand Jury. Logically, defendant’s position is no different than if the matter had been presented directly to the Grand Jury without the intervention of the local criminal court, in which event she would have had no right to notification of the Grand Jury proceedings.
Inasmuch as defendant’s right to appear before the Grand Jury is purely statutory and the statute represents a substantial expansion of a hitherto existing right, there is no warrant for judicial interpretation further expanding the sweep of the right by including a situation expressly excluded.
The motion to dismiss the indictment is, therefore, denied.