George W. Marthen, J.
The defendant has been accused by indictment of the crimes of incest and rape in the third degree. The defendant moves for an order dismissing the indictment upon the ground that he was not accorded an opportunity to appear before the Grand Jury which returned the indictment to give evidence in his own behalf pursuant to CPL 190.50.
The facts are not in dispute. The defendant was arrested on March 15, 1973, and charged with incest. At that time he was taken before the Honorable John Oliver, Justice of the Peace of the Town of Canton, and he requested a preliminary hearing. The preliminary hearing was held on March 26, 1973, following which the local criminal court found sufficient cause to hold the defendant for action by the Grand Jury. The proofs were presented to the Grand Jury and on April. 27, 1973, the indictment here challenged was returned. Admittedly no notice, was given to the defendant that the matter was to be presented to the Grand Jury and that the defendant could, if he so chose, appear before the Grand Jury to give testimony in his own behalf.
The District Attorney relies upon the following language contained within CPL 190.50 (subd. 5, par. [a]) : “ The district; attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony coinplaint charging an offense which is a subject of the prospective or pending grand jury proceeding.” (Emphasis added).
This court has been able to find but two cases involving the lack of notice to a defendant of an anticipated Grand Jury inquiry involving the above-quoted exception (People v. Napoli, *293 67 Misc 2d 1010 and People v. Andrews, 70 Misc 2d 1075). In the Napoli case the defendant had waived preliminary examination and was ordered held for the Grand Jury. The superior court there found that proceedings in the local criminal court had been terminated by the waiver and that the felony complaint was therefore not within the “ currently undisposed of ” exception. In People v. Andrews (supra) the felony complaint had been dismissed in the local criminal court and the superior court found the case to have been thus removed from the “ currently undisposed of ’ ’ exception.
We now face the third possibility: that of the local criminal court having concluded its proceedings and held the defendant for Grand Jury action, and this court sees no reason to arrive at a conclusion different from the Napoli and Andrews cases (supra). This court finds that the proceedings in the local criminal court terminated upon that court’s determination that the defendant should be held for Grand Jury action and that the felony complaint was not “ undisposed of ” within the meaning of CPL 190.50 (subd. 5, par. [a]).
The defendant was aware of the charges against him and that the local criminal court had bound him over for Grand Jury action. CPL 190.50 provides a defendant with the right to request that he be permitted to appear before the Grand Jury as a witness in his own behalf. No such request was made by the defendant and, the Grand Jury having concluded its deliberations and returned its indictment, the defendant cannot now avail himself of such right.
The motion is denied.