THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH LOUIS OTELLO, JR., Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS MAMI et al., Respondents.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER JAMES MAMI, Respondent.

Third Department, May 29, 1975

*Malcolm C. Hughes, District Attorney,* for appellant.

*Jacobs & Jacobs (Patrick J. Cannon* of counsel), for respondents.

LARKIN, J. It is undisputed that in each case the defendant waived a preliminary hearing upon a felony complaint in a local criminal court and was subsequently indicted by a Delaware County Grand Jury. It is conceded that the District Attorney gave no notice to any of the defendants or their attorneys of the Grand Jury proceedings which resulted in the respective indictments. Defendants contend that paragraph (a) of subdivision 5 of CPL 190.50 mandates dismissal of these indictments and this was the view of County Court. We disagree.

The Code of Criminal Procedure did not contain any provision requiring the District Attorney to notify any defendant or possible defendant of prospective or pending grand jury proceedings. Paragraph (a) of subdivision 5 of CPL 190.50 granted such right in the limited case of a defendant who has been arraigned in a local criminal court on a "currently undisposed of felony complaint". The purpose of this provision was to prevent the District Attorney from depriving a defendant of an opportunity for a grand jury appearance which he normally would have had "by suddenly and secretly 'lifting' the case out of the lower court and into the grand jury at a time when the defendant has no reason to believe a grand jury proceeding to be in progress" (Practice Commentary by Richard G. Denzer, McKinney's Cons. Laws of NY, Book 11A, art 190, p 145).

This limited exception to the usual rule that the defendant need not be notified of pending grand jury proceedings protects the defendant who, while proceedings before the local criminal court are being conducted, has no reason to believe that the grand jury is also considering his alleged criminal activity. The need for such protection disappears once the defendant waives a preliminary hearing, as in the instant case, because once this stage has been reached he knows or

should know that the grand jury will be considering his activities.

The submission of a case to a grand jury without notice has been upheld where two felony complaints against a defendant had previously been dismissed after a preliminary hearing in a local criminal court *(People v Washington,* 42 AD2d 677) and where a defendant has been bound over for the action of a grand jury at the conclusion of a preliminary hearing in a local criminal court *(People v Monroe,* 74 Misc 2d 292). This court has held that the proceeding in the lower criminal court was disposed of when the defendant, as in this case, had waived her right to a preliminary hearing. "A felony complaint commences a felony action in a local criminal court and * * * is disposed of by that court * * * (1) by a holding of the defendant for the action of the grand jury" *(People v Talham,* 41 AD2d 354, 356, citing Practice Commentary by Richard G. Denzer, McKinney's Cons. Laws of N.Y., Book 11A, art 180, p 58). In *People v Napoli* (67 Misc 2d 1010), the court held that in the case of a defendant who had waived a preliminary hearing there was no requirement that defendant be notified of a prospective or pending grand jury proceeding. This is our conclusion.

The orders should be reversed, on the law, and the indictments reinstated.

HERLIHY, P. J., GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur.

Orders reversed, on the law, and indictments reinstated.