OPINION OF THE COURT
Howard E. Goldfluss, J.
The defendant moves for dismissal of the indictment on three grounds, two of which are relevant and require determination.
He alleges: (1) that the People resubmitted a charge already presented to a prior Grand Jury panel — for which the defendant was not indicted without the prior judicial permission required by CPL 190.75; (2) that the defendant was denied his *502 statutory right to testify before the second Grand Jury pursuant to CPL 190.50.
The defendant was arrested on May 14, 1984 on the allegation that he had sexually assaulted his eight-year-old stepdaughter, Rose Ray. It was further alleged that he threatened his wife and his stepdaughter at knife point and held them hostage in order to prevent either of them from notifying the police.
The matter was presented to the Grand Jury on May 18, 1984. According to the papers submitted herein, it is uncontradicted that the defendant notified the court that he did not wish to testify pursuant to CPL 190.50. After presentation of the evidence, the Grand Jury voted a true bill charging the defendant with sexual abuse in the first degree, unlawful imprisonment in the first degree, endangering the welfare of a minor, resisting arrest, and menacing. There was no testimony presented before the May 1984 Grand Jury concerning a charge of attempted rape in the first degree. On February 20, 1985, an Assistant District Attorney interviewed Rose Ray, the eight-year-old complainant, in preparation for trial. In disclosing specifically what allegedly happened to her on May 12, .1984, she related more to him than she testified to in her testimony before the May 1984 Grand Jury, namely, that the defendant placed his penis on her body close to her vagina and that he stopped further acts when he heard the noise of a key on the lock of the front door. Based upon the newly revealed information, the matter was re-presented to the Grand Jury in February 1985 pursuant to CPL 200.80, which permits a superseding indictment any time prior to the commencement of a trial or plea of guilty. This latter panel voted a true bill for attempted rape in the first degree, retaining the six other counts found in the original indictment. As mandated by CPL 200.80, the previous indictment which had been superseded was dismissed.
We deal first with the defendant’s claim that the superseding indictment should be dismissed because he was not afforded the right to testify before the February 1985 panel pursuant to CPL 190.50.
It is not in dispute that the defendant had received notice pursuant to this section of his right to testify before the first Grand Jury panel (May 1984), and that he expressed no desire to testify and to waive immunity. While he claims he should have been given like notice before the second presentation was *503 made, the defendant in his moving papers has made no request to so testify, nor does he allege that he made such request at any time.
This fact is critical. The purpose of section 190.50, as clearly defined by Judge Bellacosa in his Practice Commentary (McKinney’s Cons Laws of NY, Book 11A, p 279), is "designed to prevent a district attorney from depriving a defendant of the opportunity of grand jury appearance which would accrue to him in the normal course of events by suddenly and secretly 'lifting’ the case out of the lower court and into the grand jury at a time when the defendant has no reason to believe a grand jury proceeding to be in progress.” As stated in People v Napoli (67 Misc 2d 1010, 1012), the purpose of the statute is "to separate those with a sincere desire to testify before the Grand Jury from those with no such intention” (emphasis added).
The question of irregularity raised by the defendant would be academic if even now he states his desire to testify and waive immunity. The People in their answering papers agree to resubmit if the defendant evidences that intention. In the absence of such declaration of intent, there is no basis to dismiss the indictment.
The more troublesome issue raised by the defendant is the re-presentation by the District Attorney to a second Grand Jury without prior judicial approval.
Two sections of the Criminal Procedure Law are relevant. CPL 200.80 does not require such prior judicial approval or direction before resubmission — it merely requires that the superseded indictment, or at least similar counts thereof, be dismissed.
However, CPL 190.75 (3) provides that when a charge has been dismissed by a Grand Jury it "may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury.”
As stated in the Practice Commentary (Bellacosa, McKinney’s Cons Laws of NY, Book 11A, CPL 190.75, p 343), "The Governor’s Approval Memorandum filed with this bill [made it] clear that [subd (3)] applies 'only to * * * cases in which the grand jury has considered specific charges against an individual and has voted a "no bill”, and such finding has been filed by the foreman of the grand jury with the court by which it [is] impaneled.’ ” Obviously, there was no finding of *504 dismissal by the first Grand Jury. But the defendant takes the position that dismissal is defined as a "situation where a Grand Jury considers evidence in support of a charge and does not return a true bill as to that charge.”
Such definition is questionable when one reads the statute. Subdivision (1) states in substance that if the Grand Jury finds that the evidence before it is not legally sufficient to establish that the defendant committed the crime, or if there is lacking reasonable cause to believe that he committed the crime, then, in either case, the Grand Jury "must dismiss the charge [and] must, through its foreman or acting foreman, file its finding of dismissal with the court by which it [is] impaneled” (CPL 190.75 [1] [b]; emphasis added).
In the papers before the court, reference was made to the problem of Grand Jury resubmission raised in the well-publicized Goetz case. The Goetz situation is completely dissimilar to the case herein as in that matter the Grand Jury had heard evidence of a specific charge of homicide and filed a dismissal thereof.
A reading of the Grand Jury minutes herein indicate that no evidence of attempted rape was submitted before the first panel. Nevertheless, counsel for the defendant states that the facts adduced therein could have given rise to a true bill of attempted rape because the difference between the two "is a matter of the mental state of the accused, and therefore totally a matter of subjective interpretation of the facts.”
The defendant therefore raises a question of good faith by the prosecutor, and it is an issue that the court must consider because the purpose of this statutory requirement is to prevent abuse by the District Attorney (see, People v Dykes, 86 AD2d 191 [2d Dept 1982]). It would be totally unjust and inequitable to permit a prosecutor to manipulate the Grand Jury process to serve his own ends. If information is known to him, or could be ascertained through the exercise of due diligence, then the evidence he submitted to the second Grand Jury could not in any way be described as "newly discovered”, and therefore could not be a sound basis for the finding of a superseding indictment. As was stated in People v Martin (71 AD2d 928, 929 [2d Dept 1979]), "Had the Legislature deemed judicial scrutiny unnecessary, it could have eliminated it entirely. That the prosecutor is still required to make an application to the court shows that his dissatisfaction with the first Grand Jury’s action is not in itself sufficient reason to *505 permit resubmission”. (People v Neidhart, 35 Misc 191; People v Groh, 97 Misc 2d 894.)
In the instant case, the District Attorney could be held to account for not ascertaining all the facts after the first interview were it not for the age of the victim and the nature of the charge. Common sense dictates that the inherent sensitivity of such questioning adds another dimension to the solicitation of information when the complainant is an allegedly sexually abused child whose recollection of the event has to be an additional painful experience. Common sense dictates further that we must provide for this factor, when determining whether the prosecutor acted in good faith in gaining his information through bits and pieces. It is difficult in this case to adopt the defendant’s contention that the prosecutor’s conduct in submitting the charge of attempted rape in the first degree to the second Grand Jury panel was manipulative, a practice condemned in People v Martin (supra). In the Martin case, the appellate court was convinced that resubmission was made because the prosecutor was dissatisfied with the action of the first Grand Jury. That case also refers to the requirement of due diligence. But as stated in the instant matter, the infancy of the complainant, the nature of the charge, and the natural resistance and reluctance of the minor to describe the violation to her body and to relive the accompanying trauma are understandable reasons as to why, with the exercise of extreme vigilance, the prosecutor could fail to elicit all the facts in one or several interviews.
The infant’s credibility is always in issue and will be decided by the jury at the trial, and certainly, the prosecutor’s conduct in resubmission is always open to inspection as to propriety. But in making that determination the court must consider the reality of the investigative process as applied to cases of this nature.
This court has considered the further contention by the defendant and after having done so the motion to dismiss is in all respects denied.