(Jórdon M. Lipetz, J.
Defendant moves pursuant to CPLR 2221 to reargue Ms motion to dismiss the indictment wMch was denied by County Court Judge Pierre (J. Lundberg after a hearing by order dated June 8, 1973. He also moves to renew the motion on additional facts and to dismiss the indictments in the interests of justice.
The original motion was made pursuant to CPL 210.20 (subd. 1, par [c]) and CPL 210.35 (subd. 4) on the ground that the District Attorney had failed to notify the defendant, who had been arraigned in a lower criminal court upon a currently undisposed of felony complaint, of the prospective or pending grand jury proceeding involving the same offense, or to accord him a reasonable time to exercise his right to appear as a witness therein, as reqmred by CPL 190.50 (subd. 5, par. [a]).
After Judge Lundberg demed the motion the action was removed by court order to the Supreme Court, Suffolk County. Thereafter, this motion to reargue and to renew was made, returnable in the Supreme Court, Nassau County. Mr. Justice Pittoni by order dated August 29, 1973 referred the motion to tMs court for a hearing to determine the factual issues raised. Delay has ensued by reason of the inability of the Court Clerk to. locate the motion papers. They finally came to light on January 21, 1974. On that date, at a conference between *326 defense counsel and the Assistant District Attorney held in the court’s chambers it was agreed by them in writing to disr pense with a hearing and to submit the motion to this court for determination upon the motion papers and exhibits filed.
At the hearing on the original motion the District Attorney submitted proof that the defendant had been notified by letter dated March 19, 1973 mailed and addressed to him at 861 Shinnecock Avenue, Hampton Bays, New York regarding his right to testify before the Grand Jury on March 26, 1973. Defendant, who was then a student at Southampton College, had been living since September, 1972 at 61 Shinnecock Road, in Hampton Bays, where he was arrested on drug charges on March 3, 1973. He testified that immediately following his arraignment in the lower criminal court in Southampton on that same day he vacated the premises and returned to his parents’ home in Oceanside, leaving no forwarding address at the post office in Hampton Bays.
A Hampton Bays mailman testified that he corrected the address on the envelope and delivered it to the mailbox at 61 Shinnecock Road, the defendant’s former address, on or about March 20, 1973. Testimony was also adduced from Gordon Nilsen, a detective investigator in the District Attorney’s office, who stated that on May 22,1973 he had a telephone conversation with one Yal Carlini, the owner of the premises at 61 Shinnecock Road in Hampton Bays, and was told by him that he had found the letter from the District Attorney’s office, addressed to the defendant, in the mailbox at the premises on March 24, 1973; and that on March 26,1973 he obtained the defendant’s address in Oceanside, placed it on the envelope and mailed the letter to him. This hearsay testimony was received in evidence by Judge Lundberg, following the rule prevailing in suppression, hearings.
The defendant testified that he did not receive the notice, by mail or in any other manner, and had no knowledge or information that the case was about to be presented to a grand jury.
Annexed to the moving papers on this motion to reargue and renew is an affidavit of Yal Carlini denying the facts testified to by Mr. Nilsen. His affidavit also states, in substance, that on different weekends in March or April, 1973 he found two letters from the District Attorney’s office addressed to the defendant in the mailbox at the premises, one of which was dated March 30, 1973. That letter (which notified the defendant that he had been indicted on March 28,1973) was forwarded by mail to the defendant; at his Oceanside address by Mr. Car *327 lini’s associate Joseph 'Mummery. Mr. 'Carlini could not recall the postmark date in the other letter, or the date he received it, but states that it was returned to the sender by him or Mr. Mummery through the Hampton Bays post office. Joseph Mummery’s affidavit is substantially to the same effect, adding that he personally mailed the letter postmarked March 30, 1973 to the defendant directed to his Oceanside address and also personally delivered another letter to the post office in Hampton Bays for return to the sender, but could not recall the date.
Annexed to the District Attorney’s affidavit in opposition is a transcript of the testimony given by Mr. Carlini and Mr. Mummery at a special proceeding before the August, 1973 Grand Jury, which was brought to ascertain when they received the aforesaid two letters from the District Attorney’s office addressed to the defendant, and what they did with each of them. Their testimony at said special proceeding demonstrates their almost complete lack of recollection and serious uncertainty as to the dates when the said letters were received by them, which letter was returned to the Hampton Bays post office and which was forwarded to the defendant at his Oceanside address. It is of no assistance whatever to the court in determining whether the letter dated March 19, 1973 was ever forwarded to the defendant.
The question presented here is whether the mailing of the letter dated March 19,1973 by the District Attorney, incorrectly addressed to the defendant, constituted sufficient notice to the defendant even though he did not actually receive it.
CPL 190.50 (subd. 5, par. [a]) provides in pertinent part as follows: “ The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.”
The statute merely states that “ the district attorney must notify the defendant or his attorney ”. (Emphasis added.) It does not state in what manner the notification must be given.
I have been unable to find any reported decision determining how the notification must be given, but I believe it was the legislative intent that the defendant or his attorney be actually notified.
*328 As stated in Creasy v. United States (4 F. Snpp. 175, 178): “ When it is required that any notice be given -or paper filed to or with a specified person or place, without provision as to the means of so doing, there rests on the person required to give such notice or file such paper the obligation to see that it is actually given or filed. If he contents himself with merely mailing such notice or other paper, he runs the risk that it may be delayed beyond the specified time or may be lost and never delivered at all. This risk is slight, for experience shows that, with rare exceptions, mail matter is transmitted and delivered without loss or delay. The general efficiency of our postal system is such as that the mailing of a letter furnishes a presumption of its receipt. But this is only a presumption of fact of an evidentiary nature, which may be disproven by other evidence. And, if it be clearly and indisputably proven that a notice required to be given or a paper required to be filed had never reached or come to the attention of the person for whom it was intended, it cannot be said that the person required to give the notice or file the paper had filled the obligation imposed on him by utilizing certain methods which ordinarily would have resulted in fulfilling this obligation, but which on the particular occasion unquestionably did not. A person imposed with the duty of giving notice to another cannot be said to have fulfilled that duty when it is an established fact that the latter person never received the notice.” (See, also, Hobart-Farrell Plumbing & Heating Co. v. Klayman, 302 Mass. 605, and cases cited therein; Teichberg v. Blair & Co., 63 Misc 2d 1073.)
Although it is well established that a letter properly addressed and mailed postpaid is presumed to have reached its destination and to have been delivered in due course (News Syndicate Co. v. Gatti Paper Stock Corp., 256 N. Y. 211), there is no presumption that it was received on a particular day (Matter of Hayes v. Lomenzo, 26 A D 2d 596). Here the presumption itself is Miluted by the fact that the letter was concededly addressed incorrectly. The affidavits and testimony of Yal Carlini and Joseph Mummery do not in any way buttress the presumption, and in any event, it has been effectively rebutted by the defendant’s testimony and affidavit that he never received the letter.
Indeed, from all the testimony, affidavits and other motion papers before me, and particularly the additional facts which have been brought to light since Judge Ltjítdbebg rendered his .decision denying the original motion, I am quite convinced that the defendant did not receive notice that the case was to be presented to the Grand Jury on March 26, 1973.
*329 In my opinion the mailing of the letter of notification to the defendant on March 19, 1973, incorrectly addressed, was insufficient notification to comply with the mandate of GPL 190.50 (subd. 5, par. [a]).
Accordingly, the motion to reargue is granted, and upon the renewal of the motion to dismiss the indictment on additional facts the motion is granted pursuant to GPL 210.20 (subd. 1, par. [c]). In the exercise of discretion, the District Attorney is authorized to submit the charges to another grand jury pursuant to GPL 210.20 (subd. 4) upon his application to do so.