George OB1. Roberts, J.
This is a motion by the defendant for an order dismissing the indictment pursuant to CPL 210.20 (subd, 1, par. [c]) for failure to afford the defendant an opportunity to appear and testify before the grand jury.
Defendant was charged in a felony complaint dated September 14, 1974 with the crime of arson in violation of section 150.15 *851 of the Penal Law. An order of examination pursuant to CPL (art. 730) was made on that date. The defendant was found incompetent to .stand trial and was committed to the Commissioner of Mental Hygiene under a temporary order of observation on October 11, 1974. An indictment was filed on October 22, 1974. On November 7, 1974 the defendant was certified by the director of the Mid-Hudson Psychiatric Center as fit to proceed and was returned to this court on November 14, 1974. The defendant now indicates that had he been competent at the time that this matter was presented to the Grand Jury, he would have availed himself of his right under CPL 190.50 to testify personally before the Grand Jury.
There is no implication that the People have acted improperly in this matter. CPL 730.40 (subd. 3) authorizes the presentation of a case to the grand jury while the defendant is committed pursuant to a temporary order of observation. The section also indicates that the grand jury need not hear the defendant pursuant to CPL 190.50 under those circumstances. The reasons for this exception to the statutory rule that a defendant has a right to testify before the grand jury are obvious. An incapacitated defendant cannot .sign a knowing and intelligent waiver of immunity and, even if he could, the competence of his testimony would certainly be questionable. However, the issue in this case goes beyond the ambit of CPL 730.40 (subd. 3). The defendant has been returned as competent to stand trial within a month of his commitment. There is no doubt that if the defendant had been competent he could have exercised his rights under CPL 190.50. The People have also indicated that there would be no prejudice involved in presenting this matter again to the grand jury. The court can well conceive a situation where dismissing an indictment and requiring the People to resubmit would be prejudicial; years might elapse before a defendant was found fit to stand trial. Indeed, this would seem to be one of the reasons for excepting this class of defendants from the statutory right to testify before the grand jury. The statute, however, is silent on what action the court must take when a defendant is returned after the indictment as fit to stand trial. The court concludes that where, as here, there is no prejudice to the People, the defendant should be 'afforded a chance to testify before the grand jury. To do otherwise would deprive a defendant of a valuable procedural right merely because he was incompetent at the time he could have exercised it.
While in view of the foregoing, it is unnecessary to reach the question of the constitutionality of CPL 730.40, under the fhets *852 of this case there may well be a violation of the equal protection clause of the Fourteenth Amendment were the subdivision interpreted literally. The Federal courts have viewed disparities in procedural rights based solely upon a defendant’s mental condition with an increasingly jaundiced eye (cf. Baxstrom v. Herold, 383 U. S. 107; Jackson v. Indiana, 406 U. S. 715). To deny a valuable procedural right to a class of defendants, namely, all those who are found incompetent to stand trial, for no other reason than their incompetence, may not meet the. requirements of equal protection. As the Supreme Court noted in Baxstrom (p. Ill) “equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have .some relevance to the purpose for which the classification is made ”. While, as previously noted, there may well be a valid reason for denying certain incapacitated defendants the right to testify before a grand jury, in a ease such as the one before this court, there seems to be no legitimate reason to deny the defendant a right which is accorded to any defendant who has not been found incapacitated. The method to afford this defendant an opportunity to testify is available and the burden of granting it is minimal compared to the burden on the defendant of going to trial on an indictment that might never have been voted had he been competent to exercise his right to testify.
The indictment is therefore dismissed with leave to the People to resubmit on the condition that the defendant appears and signs a waiver of immunity before the grand jury at the time and place specified by the grand jury. If the defendant fails to appear or waive immunity, this indictment shall be reinstated.