Albert M. Rosenblatt, J.
The issue, apparently undecided heretofore, is whether a defendant is entitled to be relieved of an indictment, upon his claim that he did not get statutory notice of his right to appear as a witness before the Grand Jury (CPL 190.50, subd 5, par [a]) even though he now expressly disavows any willingness to testify, were the court to order dismissal and re-presentation of the charges.
The defendant was arrested on February 13, 1976. The prosecution, by affidavit, alleges that on February 23, 1976, a notice, pursuant to CPL 190.50 (subd 5, par [a]) was mailed to defendant at his address, inviting him to testify before the Grand Jury. The defendant, though he concededly lives at the address referred to in the prosecution’s affidavit, avers that he never received the notice. On April 8, 1976, he was indicted for first degree robbery (Penal Law, § 160.15, subd 3) and second degree robbery (Penal Law, § 160.10, subd 1).
The prosecution also claims to have given verbal notice to the defendant’s attorney. The defense denies this as well, and acknowledges only that on April 8, 1976 (the day the indictment was voted) he received word from the prosecutor that "the case has been presented to the grand jury”, and that he (the defendant’s attorney), thinking that the presentation was *451 over and the defendant indicted, did not accept the prosecutor’s offer that the defendant testify, and told the prosecutor that defendant would not testify.
The defense has asked for a hearing to determine whether the statutory notification was properly sent and received. This court, assuming that the defendant truly wanted to testify and felt himself deprived of the statutory right, asked whether the defendant now wished to testify, if the court were to find, arguendo, that defendant was initially deprived of his right to do so. After the defendant and his attorney conferred, they told the court that defendant did not care to testify before the same or another Grand Jury.
In adjudicating this matter, it is worthwhile to review the history and purpose of CPL 190.50 (subd 5, par [a]), by which the District Attorney must now notify a defendant or his attorney of a prospective or pending Grand Jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness.
The statute was enacted to furnish defendants (against whom a "currently undisposed of felony complaint” exists) the opportunity to be heard before a Grand Jury. Far from the earlier concept under which an accused’s testimony was regarded as incompetent,* the statute in this instance, goes to considerable lengths to assure defendants the right to notice and to appear on one’s own behalf, even though, to be sure, the Constitution does not. (People v Powell, 31 Misc 2d 833; People v Galarotti, 46 Misc 2d 871.)
The statute serves also to prevent the prosecution from presenting the case to a Grand Jury when the defendant does not expect it, and would not know enough to request an appearance (Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50, p 145). The notice requirement was thought to be desirable because although the statute’s precursor (Code Crim Pro, § 250, subd 2) afforded the defendant a right to request to be heard, it furnished no mechanism by which he would be told that the proceedings were afoot (People ex rel. Mleczko v McCloskey, 33 Misc 2d 175, affd 16 AD2d 878).
At least two courts have found it provident, under unique *452 facts, to dismiss indictments conditioned upon the appearance of the defendant before the Grand Jury (People v Carter, 73 Misc 2d 1040; People v Searles, 79 Misc 2d 850). Such adjudications were made on the presumption that the defendant earnestly wanted to go before the Grand Jury. But we need not, at bar, engage in a presumption, for defendant himself has rebutted it. Stated in its most unadorned terms, the defendant is seeking dismissal of an indictment by seizing upon a purported failure to afford him a right which he did not, does not, and will not care to exercise. The defendant’s plaint is hollow, and would, if acted upon, pervert a purposeful statute into a vehicle for gamesmanship.
If the defendant were to prevail on this motion or after a hearing, the inevitable result of the dismissal would be a representation of the charges. The defendant states that he will not himself testify, nor is there any claim or basis to believe that the proof, upon re-presentation, would deviate in the slightest degree from the proof adduced upon the first presentation. Accordingly, if the defendant’s motion were granted everything would be precisely the same as it is now, with nothing to show for it but circuity and the needless consumption of time.**
Finally, the District Attorney urges that relief was not sought, as required, within five days of arraignment on the challenged indictment (CPL 190.50, subd 5, par [c]) and that defendant is now- precluded (i.e., he who lives by the technicality shall die by the technicality). Because of that contention, the court has examined the arraignment minutes and concludes that the motion was not made in timely fashion (People v Washington, 42 AD2d 677; People v Lunney, 84 Misc 2d 1090) as against defendant’s assertion that the arraignment court somehow gave him a longer period. It Is not at all clear that the five-day deadline may be extended even if both sides, prior to the deadline, agree to do so, or if the court, within the five-day period, is notified of the claim but adjourns the time for the defendant to make motions. Here, there was a blanket adjournment, upon arraignment, for a period of 33 days, with *453 no mention, by anyone, of the five-day deadline or of the defendant’s desire, past, present, or future, to testify before a Grand Jury or to complain about his not having done so.
For the foregoing reasons, the motion is, in all respects, denied.

 The competency of accused persons was not statutorily recognized, in New York, until 1869 (see L 1869, ch 678). Indeed, the disqualification of the accused to be heard on his own behalf seems, according to Wigmore, to not even have been questioned until 1827. (See, generally, 2 Wigmore, Evidence [3d ed], § 579.)

 The presumption relative to the proper arrival of a mailed letter might well itself carry the day (News Syndicate Co. v Gatti Paper Stock Corp., 256 NY 211). Were there now a legitimate desire on defendant’s part to testify before the Grand Jury, the court could balance that as against the presumption, and determine which consideration outweighs the other. Here, there is nothing to balance, owing the defendant’s eschewal of the existing opportunity to testify.