■ In the Matter of RICHARD KLEIN, Petitioner, v ROBERT HAFT et al., Respondents.—Application in this article 78 proceeding by petitioner, attorney of record for George Tyson, for a judgment directing dismissal of the indictment and prohibiting respondents from conducting further proceedings as against Tyson, unanimously denied and the petition dismissed, without costs or disbursements. This is an article 78 proceeding brought by and on the petition of Tyson's attorney to prohibit respondents Justice Haft and the District Attorney of New York County from conducting further proceedings against defendant and directing outright dismissal of the indictment for the failure to give defendant notice of the Grand Jury proceeding in accordance with CPL 190.50 (subd 5). Justice Haft had directed dismissal of the indictment, conditioned upon defendant signing a waiver of immunity and agreeing to testify before a Grand Jury within 10 days after the dismissal of the indictment. The present application is supported solely by the petition of counsel. There is neither petition nor affidavit of the aggrieved party, as required by CPLR 7804 (subd [d]). The statute is clear in its direction that there "shall" be a verified petition, which may be accompanied by affidavits and other written proof. Although an affidavit of petitioner, if otherwise legally sufficient, may be construed as the petition (see *Matter of Doharty v Sanvidge,* 58 Misc 2d 347, 348), there is here no petition by the aggrieved party. The petition here, by counsel in lieu of his client, does not suffice. The Appellate Division, Fourth Department, so held in *Matter of Giambra v Commissioner of Motor Vehicles of State of N. Y.* (59 AD2d 648, 649): "The petition * * * gave no adequate reason showing unusual necessity for verification by the attorney rather than the petition-

ers who were the aggrieved parties. CPLR 7804 (subd [d]) provides, in pertinent part, that the proceeding 'shall be by a verified petition, which may be accompanied by affidavits or other written proof.' The document verified by the attorney was not a verified petition which complied with the statute *(Matter of Zelter v Nash,* 285 App Div 1214; *Matter of Weintraub v Gabel,* 41 Misc 2d 234)." The failure to adhere to the statutory procedure constitutes a jurisdictional defect and requires that the application be denied and the petition dismissed. In view of this disposition we have not considered whether the court was without power to require as a condition of dismissal of the indictment that the accused sign a waiver of immunity. CPL 190.50 (subd 5, par [b]) requires the signing and submission of a waiver of immunity as a condition of testimony before the Grand Jury by the accused. *(People v La Boy,* 87 Misc 2d 449; *People v Searles,* 79 Misc 2d 850; *People v Carter,* 73 Misc 2d 1040.) Concur—Birns, J. P., Fein, Sandler and Silverman, JJ.