OPINION OF THE COURT
William C. Brennan, J.
Defendant makes this motion to dismiss the indictment filed against her on the ground that she was not accorded an opportunity to appear and testify before the Grand Jury pursuant to CPL 190.50.
Defendant was arraigned in the Criminal Court on October 5, 1978 on a felony complaint and charged with kidnapping in the second degree and endangering the welfare of a child. At that time, a competency examination was ordered and the defendant was remanded. On November 15, 1978, a sanity hearing was held and defendant was found to be an incapaci *535 tated person and a temporary order of observation was issued. On February 13, 1979, a certificate of custody was signed indicating that defendant was still in the custody of the Commissioner of Mental Health.
An indictment was filed on February 15, 1979 by a Queens County Grand Jury charging defendant with the crime of kidnapping in the second degree. On March 20, 1979, defendant was ordered to be examined for the purpose of determining if she is still an incapacitated person as defined in CPL article 730 and the case was adjourned until April 20, 1979; and at that time the court found defendant sane and fit to proceed to trial.
Defendant argues that her mental state precluded her from conferring with counsel; and defendant wishes to testify before the Grand Jury and has suffered grave prejudice by not being given the opportunity to testify. Also, the People will not be prejudiced by dismissing this indictment and a re-presentation.
The District Attorney is obligated pursuant to CPL 190.50 (subd 5, par [a]) to inform the defendant that a Grand Jury proceeding against him (or her) is pending, in progress or about to occur if defendant has been arraigned upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending Grand Jury proceeding.
When a local criminal court has specified that a defendant is an incapacitated person the court must issue a temporary order of observation committing him (or her) to the custody of the commissioner for care and treatment in an appropriate institution for a period not to exceed 90 days from the date of the order (CPL 730.40, subd 1).
CPL 730.40 (subd 2) provides in pertinent part, that: "When the defendant is in the custody of the commissioner at the expiration of the period prescribed in a temporary order of observation, the proceedings in the local criminal court that issued such order shall terminate for all purposes and the commissioner must promptly certify to such court and to the appropriate district attorney that the defendant was in his custody on such expiration date. Upon receipt of such certification, the court must dismiss the felony complaint filed against the defendant.”
Since the defendant was indicted on February 15, 1979, more than 90 days after the temporary order of observation *536 was issued, the felony complaint filed against this defendant must be dismissed; and therefore, since there is no longer a currently undisposed of felony complaint pending, the District Attorney no longer has the obligation to notify defendant that a Grand Jury proceeding is pending. The District Attorney does not have to notify the defendant of the Grand Jury proceeding and accord the defendant the time to exercise her right to appear as a witness in the Grand Jury.
In the case of People v Searles (79 Misc 2d 850), the court dismissed the indictment with leave to the People to resubmit. That case is similar to the one at bar. However, in People v Searles (supra), the defendant was found incompetent to stand trial and was committed to the Commissioner of Mental Hygiene under a temporary order of observation and 11 days later an indictment was filed. Then, 16 days later, defendant was certified as fit to proceed. This case is distinguished from the case at bar to the extent that in the case at bar defendant was indicted after the expiration of 90 days from the time of the temporary order of observation and there is no currently undisposed of felony complaint.
Based on the foregoing, the motion to dismiss the indictment on the ground that the defendant was not accorded an opportunity to appear and testify before the Grand Jury is denied in all respects.