OPINION OF THE COURT
William C. Brennan, J.
This is a motion to dismiss the indictment on the ground that the defendant herein was not accorded an opportunity to appear and testify before the Grand Jury.
The defendant was arrested on or about July 11, 1981 and charged with arson in the second degree. He was arraigned on July 12,1981 at which time the People served notice, pursuant to CPL 190.50, that the matter would be submitted to the Grand Jury.
On that same date defense counsel served written notice on the District Attorney that the defendant “desires to testify in any Grand Jury proceeding in this matter and requests timely notice of any such proceeding.”
A preliminary hearing was conducted on July 15, 1981 and the matter was held for the action of the Grand Jury. *372 Once again the District Attorney was advised of defendant’s intention to appear and testify.
On August 21, 1981 the District Attorney filed the instant indictment (No. 2002/81) charging the defendant with arson in the second degree.
The defendant was arraigned on said indictment on September 11, 1981 and his bail fixed by the court.
On September 15, 1981 (within the requisite five-day period [CPL 190.50, subd 5, par (c)]), defendant brought on a motion to dismiss the indictment, pursuant to CPL 210.20 (subd 1, par [c]) and 210.35 (subd 4), on the ground that he was not given the opportunity to appear and testify before the Grand Jury.
In rejecting the People’s argument that this was “merely a tactic to delay prosecution and defendant has no intention of appearing before the Grand Jury” this court issued an order on October 22, 1981 which stated the following:
“[SJince the defendant was not notified of the Grand Jury proceeding, the motion is granted and the indictment is dismissed with leave to resubmit to another Grand Jury. In the event that defendant does not intend to exercise his right to appear and testify before the grand jury, then the existing indictments shall be reinstated and defendant is to be prosecuted pursuant to that indictment.
“Bail is set at the same amount as previously fixed in this indictment.”
The defendant now brings on the instant motion to dismiss the indictment “because of the People’s total and complete non-compliance with the Court’s order and direction.”
The defendant alleges the following sequence of events occurred subsequent to this court’s order of October 22, 1981:
(1) On November 4, 1981 in Part K1A the matter was adjourned to December 9, 1981 “with the understanding that the People would resubmit this case to a second Grand Jury, giving defendant notice of such presentment and according him an opportunity to appear and testify therein.”
*373 (2) On December 9,1981 the matter was adjourned at the People’s request, the District Attorney having no information as to the date of the second Grand Jury presentment.
(3) On December 18, 1981 the case appeared in the K1A Calendar “under the original indictment number, 2002/81. The District Attorney had at no time and in no way notified this defendant or defense counsel of the convening of the second Grand Jury.” Defendant’s oral application “for the Court’s compliance with the original decision” was adjourned by the Justices presiding on this date and again on January 12, 1982 for consideration by this court.
The parties in this action appeared before this court on February 3, 1982 and were directed to submit papers with respect to the issue herein.
I.
Of significant interest is the defendant’s contention that the court does not have the authority to “condition” its order of dismissal of the indictment with leave to resubmit premised upon the defendant appearing and testifying before another Grand Jury.
The court has carefully reviewed the applicable statutes and case law arising thereunder and finds that this issue is one of first impression.
A defendant’s right to testify before a Grand Jury is clearly set forth in CPL 190.50 (subd 5, par [a]), which reads as follows: “When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney *374 must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
Failure on the part of the District Attorney to accord the defendant this opportunity to appear and testify as prescribed in CPL 190.50 (subd 5, par [a]) requires dismissal of the indictment upon a motion properly brought on by the defendant pursuant to CPL 210.20 and 190.50 (subd 5, par [c]). “Any indictment or direction to file a prosecutor’s information obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed; provided that a motion based upon such ground must be made not more than five days after the defendant has been arraigned upon the indictment or, as the case may be, upon the prosecutor’s information resulting from the grand jury’s direction to file the same. If the contention is not so asserted in timely fashion, it is waived and the indictment or prosecutor’s information may not thereafter be challenged on such ground.” (CPL 190.50, subd 5, par [c].)
CPL 210.20 provides:
“1. After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that * * *
“(c) The grand jury proceeding was defective, within the meaning of section 210.35”.
CPL 210.35 states:
“A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * *
“4. The defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of 190.50”.
The defendant having successfully run the statutory gauntlet outlined above, in obtaining the relief sought (dismissal of the indictment), the court, upon application of *375 the People, has the discretion to authorize the People to resubmit the charge(s) to the same or another Grand Jury. (CPL 210.20, subd 4.)
In the instant matter, the court dismissed the indictment and, in its discretion and wisdom, authorized the People to resubmit the charge to another Grand Jury with the proviso that the indictment would be reinstated and the defendant prosecuted thereunder in the event that he does not intend to appear and testify.
Uppermost in the court’s mind are the defendant’s due process rights which must be carefully weighed against the People’s responsibility to prosecute.
In circumstances such as this, where the sole issue raised by the defendant in seeking dismissal of an indictment is the People’s failure to accord him an opportunity to appear and testify before the Grand Jury, it has been this court’s policy to condition its order of dismissal and 'resubmission upon the defendant actually testifying.
As a result of the ever-increasing crime rate and calendar congestion, to allow a defendant to tie up the court with motion practice and then avoid prosecution due to technicalities would result in a great miscarriage of justice. Moreover, it would serve no rational purpose to cause the People to resubmit the charges without the defendant appearing and testifying, when the resulting testimony would invariably be identical to the original Grand Jury testimony. In such circumstances, it is the People of the State of New York who suffer. In many instances, witnesses may be inconvenienced or unavailable, not to mention the cost factor to the State for this duplication of effort.
Therefore, to expect anything less of the defendant than his appearance before the Grand Jury after having sought the court’s relief on these grounds is a mockery of the criminal justice system.
It should be noted that the defendant herein did not contest this court’s order at the. time it was issued, but four months later when the People sought to reinstate the original indictment.
Conditional orders similar to that which was issued by this court, supra, are not novel and have been used by *376 several courts in this and other jurisdictions. (See People v Carter, 73 Misc 2d 1040, 1046; People v Searles, 79 Misc 2d 850, 852.)
Perhaps the best rationale for conditioning such orders was provided by the court in People v La Boy (87 Misc 2d 449, 451-452):
“At least two courts have found it provident, under unique facts, to dismiss indictments conditioned upon the appearance of the defendant before the Grand Jury (People v Carter, 73 Misc 2d 1040; People v Searles, 79 Misc 2d 850). Such adjudications were made on the presumption that the defendant earnestly wanted to go before the Grand Jury. But we need not, at bar, engage in a presumption, for defendant himself has rebutted it. Stated in its most unadorned terms, the defendant is seeking dismissal of an indictment by seizing upon a purported failure to afford him a right which he did not, does not, and will not care to exercise. The defendant’s plaint is hollow, and would, if acted upon, pervert a purposeful statute into a vehicle for gamesmanship.
“If the defendant were to prevail on this motion or after a hearing, the inevitable result of the dismissal would be a re-presentation of the charges. The defendant states that he will not himself testify, nor is there any claim or basis to believe that the proof, upon re-presentation, would deviate in the slightest degree from the proof adduced upon the first presentation. Accordingly, if the defendants motion were granted everything would be precisely the same as it is now, with nothing to show for it but circuity and the needless consumption of time” (emphasis supplied).
Although this court is not prejudging the defendant’s sincerity in his desire to testify before the Grand Jury, the results mentioned hereinbefore, and in La Boy {supra) would no doubt occur, should the defendant fail to do so, intentionally or otherwise.
In limiting the time in which a defendant is entitled to bring on a motion on these grounds to five days (GPL 190.50, subd 5, par [c]), it was the Legislature’s intent “to separate those with a sincere desire to testify before the Grand Jury from those with no such intention.” (People v *377 Napoli, 67 Misc 2d 1010, 1012; People v Martinez, 111 Misc 2d 67, 69.)
What we are dealing with here is a defect in the proceeding which the Legislature envisioned as curable by resubmission. Such is not always the case as is stated in CPL 210.20 (subd 4): “When the dismissal is based upon some other ground, such authorization may not be granted.”
It has been held that the prosecution should not be foreclosed where a defect is not “of an inherently fatal nature.” (People v Maldanado, 97 Misc 2d 653; People v Merhige, 40 AD2d 223.)
“The intent of the Legislature in enacting section 210.20 (subd 4) was to permit ‘a resubmission of the charges under court order upon dismissal in those cases where the defect should not result in foreclosure of further prosecution, but prohibits resubmission where the impediment is of an inherently fatal nature’ (Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.20, pp 339-340). It is obvious that the Legislature did not deem a defective Grand Jury proceeding an impediment of an Inherently fatal nature’ * * * The statute permits a resubmission where the dismissal was based upon a defective Grand Jury proceeding or in the interests of justice, so that further prosecution would not be foreclosed.” (People v Maldanado, supra, p 655; emphasis supplied.)
Defendant’s argument that the court lacks the authority to condition its order is based solely on Matter of Cohen v Felig (NYLJ, Jan. 12, 1979, p 14, col 3) which in its entirety reads as follows:
“Proceeding by petitioner, pursuant to article 78 of the CPLR to prohibit the respondents, Justices of the Supreme Court, Kings County, and the District Attorney of said county from further proceeding against petitioner Wilfredo Serrano under indictment No. 1951-78, and to dismiss said indictment.
“Application granted, without costs; respondents are prohibited from further proceeding against the petitioner under Kings County indictment No. 1951-78, and indictment dismissed, with leave to the District Attorney of Kings County, if he be so advised, to re-present the charges to a Grand Jury.”
*378 According to the defendant herein, the defendant in Cohen (supra) did not testify at a second Grand Jury after the criminal indictment was dismissed upon condition that he actually testify. The District Attorney then moved by order to show cause to seal the second set of minutes and to reinstate the first indictment. The Judge denied the request to seal the minutes but granted the motion to reinstate the first indictment. Pursuant to a CPLR article 78 proceeding, the Appellate Division granted the petitioner’s application and rendered the above-cited decision.
This court does not feel constrained to limit its orders on the sole authority of Cohen (supra) which fails to provide any rationale or insight as to the court’s decision. The court has been advised by defense counsel that the papers on file in the Appellate Division with respect to Cohen (supra) do not contain anything more than that which appears in the decision itself. Therefore, it behooves the appellate courts to confront the issue and clarify same for the lower courts.
Similarly, in Matter of Klein v Haft (68 AD2d 872, 873) the court sidestepped the issue in dismissing an article 78 application due to a jurisdictional defect: “In view of this disposition we have not considered whether the court was without power to require as a condition of dismissal of the indictment that the accused sign a waiver of immunity. CPL 190.50 (subd 5, par [b]) requires the signing and submission of a waiver of immunity as a condition of testimony before the Grand Jury by the accused. (People v La Boy, 87 Misc 2d 449; People v Searles, 79 Misc 2d 850; People v Carter, 73 Misc 2d 1040.)”
Thus, it has remained within this court’s discretion to condition its orders as the need arises on a case-by-case basis. In fact, the statute appears to contradict itself with respect to dismissal of a defective indictment.
Compare CPL 190.50 (subd 5, par [c]) which states that “[a]ny indictment * * * obtained or filed in violation of the provisions of paragraph (a) * * * is invalid and, upon a motion made pursuant to * * * section 210.20, must be dismissed;” to CPL 210.20 (subd 1) which provides that “[ajfter arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment” (emphasis supplied).
*379 It has been held that “must” or “shall” in a statute is not always imperative but may be consistent with an exercise of discretion. (Matter of Thurber, 162 NY 244; Matter of O’Hara, 40 Misc 355.)
As the Appellate Division, Fourth Department, stated in Matter of Ehrenberg v Persons (8 AD2d 18, 20-21):
“It is recognized, however, that the words ‘shall’ and ‘must’ when found in a statute are not always imperative % % %
“While ‘the line between mandatory and directory statutes cannot be drawn with precision’ (People v. Karr, 240 N. Y. 348, 351) the general rule has been enunciated that it is ‘to be determined primarily from the legislative intent gathered from the entire act and surrounding circumstances, keeping in mind the public policy to be promoted and the results that would follow one or the other conclusion.’ (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 171.)”
Likewise, in Tosti v Sbano (170 Misc 828, 831) the court found that the Judges should not be deterred in using discretion even where the statute mandates that a particular order be made.
Assuming, arguendo, that the court construed the language of the statute to be mandatory, the indictment has been dismissed as provided for in CPL 190.50 (subd 5, par [c]). It is, however, within the court’s inherent powers to vacate a prior order and return the moving party to his original status prior to said order. (NY Const, art VI, § 7; see McKendry v McKendry, 202 Misc 312, revd on other grounds 280 App Div 440; Langan v First Trust & Deposit Co., 270 App Div 700, affd 296 NY 1014.)
While it can no doubt be said that a defendant has every right to raise the issue of the People’s failure to accord him an opportunity to appear and testify before a Grand Jury, it is inconceivable that the Legislature intended the remedy of a defect in the proceedings to be used as a loophole or subterfuge to avoid prosecution.
Such may be the case, as noted above, where the People are unable to re-present the matter upon dismissal when authorized to do so. On the other hand, where the defen *380 dant makes a good faith effort to appear and testify (People v Napoli, 67 Misc 2d 1010, supra; People v Martinez, 111 Misc 2d 67, supra) and the People are then unable to obtain an indictment (i.e., the jury accepts the defendant’s testimony as to the facts; or the unavailability of witnesses) the original indictment remains dismissed pursuant to the court’s order and the People are barred from proceeding further.
The court will not involve itself in guessing games as to the mental thought processes of a defendant when these motions are made (People v La Boy, 87 Misc 2d 449, supra). To the contrary, by conditioning its orders, the court is giving the defendant the benefit of the doubt as to his sincerity and motives and, at the very same time, avoiding undue prejudice and hardship upon the People.
The order dated October 22, 1981 was based, in part, upon the totality of the circumstances surrounding the nature of the proceedings in conjunction with the court’s vast experiences with the criminal justice system.
In view of the foregoing, it is the opinion of this court that it acted properly in conditioning its order of dismissal; and further that in doing so the defendant was not denied any of his due process rights and was, in fact, given the relief sought — an opportunity to appear and testify before another Grand Jury.
II.
The court will now address itself to the defendant’s second contention that if the conditional dismissal is held valid the District Attorney’s noncompliance with the court’s order mandates dismissal of the indictment.
Defendant’s allegations as to the District Attorney’s failure to notify the defendant regarding re-presentation of the charge has previously been set forth.
Annexed to their opposing affirmation, the People have provided the court with a confirmation copy of a “Western Union Mailgram” addressed to the defendant Ulysses Willis, at the following address: 41-08 Vernon Blvd., Long Island City, New York, 11101.
The message, dated January 7, 1982, 4:08 p.m., Eastern Standard Time, reads as follows:
*381 “imperative you appear at the queens district attorney OFFICE 12501 QUEENS BLVD KEW GARDENS NY 11415 ON MONDAY JANUARY 11, 1982 ROOM 551, 5TH FLOOR
“DETECTIVE JOHN DE FAZIO (QUEENS D.A.’s OFFICE 12501 QUEENS BLVD KEW GARDENS NY 11415)”.
It is the People’s position that the defendant never responded to this mailgram.
CPL 190.50 (subd 5, par [a]), provides in pertinent part that “the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
As stated in People v Rakity (77 Misc 2d 324, 327): “The statute merely states that ‘the district attorney must notify the defendant or his attorney’ * * * It does not state in what manner the notification must be given.”
In discussing the presumption of receipt of a letter, the court in Rakity (supra, p 328) quoted the following language from Creasy v United States (4 F Supp 175, 178): “ ‘[Experience shows that, with rare exceptions, mail matter is transmitted and delivered without loss or delay. The general efficiency of our postal system is such as that the mailing of a letter furnishes a presumption of its receipt. But this is only a presumption of fact of an evidentiary nature, which may be disproven by other evidence.’ ”
Further, it has also been held that “[t]he delivery of a telegram to the addressee is presumed upon proof of its delivery to the telegraph company properly addressed.” (Richardson, Evidence [10th ed], § 80, p 56.)
It should be noted that the address to which the District Attorney’s “Mailgram” was sent is the same as that which appears on the warrant investigation report attached to the court’s file. Moreover, in the space provided for the name and address of next of kin the following information appears: “Mary Willis (Mother) 41-08 Vernon Blvd”.
It is the opinion of the court that the defendant has failed to rebut the presumption that said notice was sent and received, or to otherwise show good cause as to why he failed to appear and testify on the specified date.
*382 Accordingly, the defendant’s motion is denied in all respects. The original indictment is hereby reinstated. Order entered accordingly.
The clerk of the court is directed to mail a copy of this decision and order to the attorney for the defendant.