■ In the Matter of RICHARD BORRELLO, Petitioner, v GEORGE J. BALBACH, as Justice of the Supreme Court of Queens County, et al., Respondents.—Proceeding by petitioner pursuant to CPLR article 78 to prohibit the respondents, a Justice of the Supreme Court, Queens County, and the District

Attorney of said county, from further proceeding against him under indictment No. 603-85, and to dismiss said indictment outright.

Application granted, without costs. Respondents are prohibited from further proceeding against petitioner under Queens County indictment No. 603-85, and indictment dismissed. The District Attorney of Queens County is granted leave to re-present the charges to another Grand Jury, if he be so advised.

Petitioner, at his arraignment, served written notice upon the District Attorney of his desire to testify before the Grand Jury. The matter was ultimately presented to the Grand Jury and an indictment was voted on February 14, 1985, charging the petitioner with grand larceny in the second degree, criminal possession of stolen property in the first degree, and unauthorized use of a vehicle in the third degree. Petitioner received no notice regarding the convening of said Grand Jury. Accordingly, he moved, within five days after his arraignment, to dismiss the indictment on the ground that he had been denied his right to appear and testify before the Grand Jury under CPL 190.50 (5) (c) (see, CPL 210.20 [1] [c]; 210.35 [4]). Criminal Term granted the application on condition, however, that petitioner appear before another Grand Jury and directed that in the event of his failure to appear, the indictment was to "remain in full force and effect". Petitioner thereafter commenced the instant article 78 proceeding. On June 10, 1985, the date on which the District Attorney was to have resubmitted the matter to another Grand Jury, petitioner notified the District Attorney's office that he had decided against testifying. As a result, the District Attorney did not re-present the charges and by the terms of Justice Balbach's order, indictment No. 603-85 remains in full force and effect.

CPL 190.50 (5) sets forth the circumstances under which a person has a right to appear before the Grand Jury and provides, in paragraph (c), that an indictment obtained in violation of the relevant notice provisions is "invalid" and, upon a motion made within five days after the defendant's arraignment thereon, "must be dismissed". This mandatory language creates what is a ministerial duty on the part of the court to dismiss an indictment obtained in violation of a defendant's right to appear before the Grand Jury (see, People v Gini, 72 AD2d 752, 753; Matter of Cohen [Felig], NYLJ, Jan. 12, 1979, p 14, col 3 [2d Dept]; People v Hooker, 113 Misc 2d 159). Although the People may in such event apply to the

court for leave to resubmit the charges to the same or another Grand Jury pursuant to CPL 210.20, there is no statutory basis for fashioning such conditional orders as the one at bar where dismissal of an "invalid" indictment is made contingent upon the defendant appearing before the Grand Jury when the charges are re-presented (*People v Gini, supra; Matter of Cohen [Felig], supra; People v Hooker,* 113 Misc 2d, at p 163).

We are aware that several courts have fashioned conditional orders on the rationale that they both effectively protect a defendant's right to testify before the Grand Jury and avoid the burden of re-presenting the charges imposed upon the People in those instances where the defendant has no real intention of testifying (*see, e.g., People v Callaway,* 124 Misc 2d 168; *People v Willis,* 114 Misc 2d 371; *People v Searles,* 79 Misc 2d 850). To dismiss the indictment outright, it is claimed, would merely encourage the insincere defendant to engage in gamesmanship to delay his prosecution (*People v Willis,* 114 Misc 2d, at p 376). Such reasoning, however, overlooks the fact that the People may in the first instance avoid any gamesmanship by duly notifying the defendant of the date on which the charges will be presented to the Grand Jury (CPL 190.50 [5] [a], [b]). Moreover, the five-day time limitation for making a motion to dismiss contained in CPL 190.50 (5) (c) adequately serves to separate those defendants who sincerely wish to testify before the Grand Jury from those with no such intention (*see, People v Hooker, supra; People v Napoli,* 67 Misc 2d 1010).

Accordingly, we conclude that where a person is entitled to relief under CPL 190.50 (5), the only proper remedy is outright dismissal of the indictment, in view of the mandatory language contained in paragraph (c) of that subdivision and the absence of any statutory basis for the expedient solution of a conditional dismissal (*People v Gini, supra,* at p 753; *People v Hooker, supra,* at p 163; *Matter of Cohen [Felig], supra*). Petitioner's application, therefore, is granted and the indictment dismissed. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.