OPINION OF THE COURT
Steven W. Fisher, J.
On this motion, the defendant seeks an order dismissing the indictment and directing that he be afforded an opportunity to testify before any new Grand Jury convened to hear the case. *824 He contends that he was unfairly deprived of the opportunity to present a viable self-defense claim to the Grand Jury by the operation of a statute which allows a District Attorney to disregard a defendant’s timely request to testify merely on the basis of a suspicion that the defendant may be an incapacitated person. The defendant’s request for relief calls into question the nature and extent of the court’s authority to act in furtherance of justice (see, CPL 210.40).
On May 31, 1995, the defendant, a Vietnam veteran, was arrested for stabbing Freddie Bowman. Two days later he was arraigned in Criminal Court on a felony complaint charging him with attempted murder, assault, and criminal possession of a weapon. He entered a plea of not guilty and his attorney served the People with written notice that the defendant intended to testify before the Grand Jury. Counsel announced that the defendant would raise a claim of self-defense.
Following a bench conference, however, the court ordered the defendant held without bail and directed that he be examined pursuant to CPL article 730 to determine whether he was fit to proceed. The matter was adjourned to July 5, 1995.
On June 6, 1995, defense counsel received notice that the case would be presented to the Grand Jury the following week. Counsel immediately informed the Assistant District Attorney, both by telephone and in writing, that the defendant was undergoing the court-ordered competency, examination and therefore would be unavailable to testify.
The District Attorney went forward, however, presenting the case on June 13, 1995. The Grand Jury heard from the complainant, Freddie Bowman, and from a school crossing guard who had witnessed the incident.
The crossing guard told the Grand Jury that, when the complainant regained his feet after the stabbing, he was holding what appeared to be a gun. The complainant was not asked about a gun, and no further mention was made of it.
The Grand Jury voted to indict the defendant on charges of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree.
On August 22, 1995, the defendant appeared in Supreme Court to answer the indictment. Pursuant to CPL 730.30, examination reports dated August 11, 1995 were submitted reflecting the conclusion of the psychiatric examiners that the *825 defendant was not an incapacitated person. He was thereupon adjudged fit to proceed and entered a plea of not guilty.
When the case came before me, the defendant immediately moved to dismiss the indictment pursuant to CPL 210.20 (1) (c) and 210.35 (4) on the ground that he had not been accorded an opportunity to appear and testify before the Grand Jury in accordance with the provisions of CPL 190.50. I denied the motion, holding that, under New York statutory law, when the criminal court issues an order of examination to determine a defendant’s competency, the case may be presented to the Grand Jury without waiting for the testimony of the defendant notwithstanding the provisions of CPL 190.50 (see, CPL 730.40 [3]; People v Lancaster, 69 NY2d 20, 31 [1986], cert denied 480 US 922). As the defendant’s motion papers did not give reasonable notice that he was seeking dismissal on any other ground, I found it inappropriate to consider any other form of relief (see, e.g., People v Pugh, 207 AD2d 503 [2d Dept 1994]).
The defendant has now formally moved on notice to dismiss the indictment in the interest of justice.
I
Ordinarily, when a criminal charge is about to be submitted to a Grand Jury, the person who is the subject of the charge has an absolute right to appear and testify before the Grand Jury provided only that he or she gives timely notification to the District Attorney and is willing to waive immunity (CPL 190.50 [5] [a], [b]; see, e.g., People v Jordan, 153 AD2d 263, 266 [2d Dept 1990], lv denied 75 NY2d 967). That right may be lost, however, when a question arises as to the defendant’s competency.
CPL 730.40 (3) provides: "When a local criminal court has issued an order of examination or a temporary order of observation, and when the charge or charges contained in the accusatory instrument are subsequently presented to a grand jury, such grand jury need not hear the defendant pursuant to section 190.50 unless, upon application by defendant to the superior court that impaneled such grand jury, the superior court determines that the defendant is not an incapacitated person.”
A temporary order of observation commits a defendant to the custody of the Commissioner for care and treatment for a period not exceeding 90 days, and must be issued by the criminal court whenever it is satisfied that a defendant, having been arraigned on a felony complaint, is in fact an incapacitated *826 person (CPL 730.40 [1]). An order of examination, on the other hand, directs that an examination he conducted to determine in the first instance whether or not a defendant is competent (see, CPL 730.10 [2]). Such an order must be issued by the criminal court whenever it is of the opinion that a defendant "may be an incapacitated person” (CPL 730.30 [1]).
Thus, under CPL 730.40, an actual finding of incompetence is not necessary to trigger the loss of a defendant’s right to testify before the Grand Jury. The right is lost even if the criminal court believes only that the defendant may be incompetent.
On at least two occasions, CPL 730.40 has been challenged on equal protection grounds. In People v Lancaster (69 NY2d 20 [1986], cert denied 480 US 922, supra), the constitutional argument was rejected because it had not been preserved for review. In People v Searles (79 Misc 2d 850 [Sup Ct, NY County 1974, Roberts, J.]), the court found it unnecessary to reach the claim.
In each case, the defendant lost his right to testify because he was incompetent at the time of the Grand Jury presentation. In contrast, the defendant here lost his right to testify, not because he was incompetent at the time of the presentment, but because a criminal court Judge concluded that he may be an incapacitated person — a suspicion that was later dispelled.[1]
Nevertheless, I need not consider the equal protection implications of CPL 730.40 because the defendant does not level a constitutional challenge to the statute. Instead, he argues only that its application unfairly deprived him of the opportunity to present to the Grand Jury a self-defense claim that was circumstantially supported by independent eyewitness testimony, and he asks the court to dismiss the indictment in furtherance of justice.
II
Insofar as pertinent here, CPL 210.40 (1) provides: "An indictment * * * may be dismissed in furtherance of justice * * * when, even though there may be no basis for dismissal as a matter of law * * * such dismissal is required as a matter *827 of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that * * * prosecution of the defendant upon such indictment * * * would constitute or result in injustice.”
The statute is said to give the court the power in appropriate circumstances "to allow the letter of the law gracefully and charitably to succumb to the spirit of justice” (People v Davis, 55 Misc 2d 656, 659 [Sup Ct, NY County 1967, Schweitzer, J.]).
But the court’s discretion to dismiss in the interest of justice is not unlimited. As the Appellate Division very recently observed: "CPL 210.40 permits the dismissal of an indictment, but only 'in that "rare” and "unusual” case [which] "cries out for fundamental justice beyond the confines of conventional considerations” ’ * * * While a trial court possesses discretion to dismiss an indictment pursuant to a CPL 210.40 motion, we have emphasized that a court’s discretion 'is not absolute’ * * * Rather, the court must engage in a 'sensitive balancing’ process and conclude that there exist compelling factors' "clearly” ’ demonstrating that prosecution upon the indictment would constitute an injustice.” (People v Hudson, 217 AD2d 53, 55, [2d Dept 1995].)
Moreover, to curb misuse of the power to dismiss in furtherance of justice, and to insure that its exercise is subject to effective appellate review, CPL 210.40 (1) provides that the court must, to the extent applicable, examine and consider 10 enumerated factors, and must, if the indictment is dismissed, set forth its reasons on the record (see, e.g., Matter of Holtzman v Goldman, 71 NY2d 564, 575 [1988]; People v Rickert, 58 NY2d 122, 128 [1983]; People v Guzman, 168 AD2d 154 [2d Dept 1991]; cf., People v Belge, 41 NY2d 60, 62 [1976]; People v Clayton, 41 AD2d 204, 208 [2d Dept 1973]). I turn, therefore, to an examination of how those statutory factors apply in the case at bar.
Attempted murder is certainly a serious crime, and here the defendant’s act allegedly caused the complainant to sustain serious injury requiring hospital treatment (see, CPL 210.40 [1] [a], [b]). But there is independent eyewitness testimony circumstantially supporting the defendant’s claim that he acted in self-defense, thereby casting doubt on the People’s evidence of guilt (see, CPL 210.40 [1] [c]).
Moreover, aside from a drug-related disorderly conduct conviction in 1986, the 51-year-old defendant’s record shows only two misdemeanor convictions, both more than 25 years old. And, earlier, the defendant served as a soldier in the Vietnam war (see, CPL 210.40 [1] [d]).
*828 Factors relating to the purpose and effect of imposing punishment on the defendant (see, CPL 210.40 [1] [f]), and to the attitude of the complainant (see, CPL 210.40 [1] [i]), are largely irrelevant here as the defendant does not seek an order terminating the prosecution but only one directing representation to a new Grand Jury. And because such an order would restore to the defendant a fair opportunity to present a viable self-defense claim to the Grand Jury, its effect, if any, on the public’s confidence in the criminal justice system would likely be positive (see, CPL 210.40 [1] [g]). Finally, there would be no adverse impact on the safety of the public (see, CPL 210.40 [1] [h]) as the defendant would continue under a securing order pending the action of the new Grand Jury (see, CPL 210.45 [9]).
Considering these statutory criteria, and the fact that the defendant was deprived of the opportunity to testify before the Grand Jury on the basis of nothing more than a suspicion, ultimately disproved, that he was incompetent, I am persuaded that his prosecution on the instant indictment would constitute an injustice (see, People v Balukas, 95 AD2d 813 [2d Dept 1983], supra). I turn, then, to the appropriate contours of the dismissal order.
Ill
In Matter of Borello v Balbach (112 AD2d 1051 [2d Dept 1985]), the defendant moved to dismiss his indictment for a violation of CPL 190.50. Finding merit in the motion, the trial court granted it but only on condition that the defendant appear and testify before the new Grand Jury. The Court directed that, in the event of the defendant’s failure to appear, the indictment would " 'remain in full force and effect’ ” (at 1052). The defendant failed to appear before the new Grand Jury and then challenged his continued prosecution on the original indictment in an article 78 proceeding.
The Appellate Division acknowledged the practice of ordering conditional dismissals and recognized as their underlying rationale "that they both effectively protect a defendant’s right to testify before the Grand Jury and avoid the burden of representing the charges imposed upon the People in those instances where the defendant has no real intention of testifying” (supra, 112 AD2d, at 1053). But, citing CPL 190.50 (5) (c), the Court ruled that an indictment obtained in violation of the statute’s notice provisions is "invalid” and, upon timely application, "must be dismissed”. Thus, the Court reasoned, the *829 statute’s "mandatory language creates what is a ministerial duty on the part of the court to dismiss an indictment obtained in violation of a defendant’s right to appear before the Grand Jury” (supra, at 1052). Accordingly, the Court held that, "in view of the mandatory language [of the statute] * * * and the absence of any statutory basis for the expedient solution of a conditional dismissal”, the only proper remedy was outright dismissal of the indictment (supra, at 1053; see also, People v Mason, 176 AD2d 356 [2d Dept 1991], lv denied 79 NY2d 921).
In the case at bar, the indictment was not obtained in violation of any statutory provision and therefore was not "invalid”. Nor does a motion seeking dismissal in the interest of justice call upon the court merely to perform a ministerial duty. Rather it is addressed to the sound discretion of the court to be exercised in light of considerations of fundamental fairness and the requirements of justice.
In my view, those considerations would not be served were a defendant permitted to invoke the court’s discretionary, authority to dismiss in the interest of justice based upon an unfair denial of his opportunity to testify before the Grand Jury, and then elect not to testify at the re-presentation. The People, after all, have a legitimate interest in not inconveniencing witnesses needlessly or being unreasonably compelled to generate additional Rosario[2] material (see, e.g., People v Chipp, 75 NY2d 327, 337 [1990], cert denied 498 US 833).
I hold, therefore, that where a court properly dismisses an indictment in the interest of justice because of an unfair, but not unlawful, denial of a defendant’s opportunity to testify before the Grand Jury, the dismissal order may be conditioned on the defendant’s appearing and testifying before a new Grand Jury (cf., People v Lynch, 138 Misc 2d 331 [Sup Ct, Kings County 1988, Greenberg, JJ; People v Searles, 79 Misc 2d 850, 852 [Sup Ct, NY County 1974, Roberts, J.], supra; see also, Matter of Vega v Bell, 47 NY2d 543, 552 [1979]; compare, People v Guzman, 168 AD2d 154, 155 [2d Dept 1991], supra [conditional order improper where dismissal based on trial court’s asserted "inherent power” rather on any statutory authority]). And, to insure against needless inconvenience to witnesses, the People may, if they are so advised, require the defendant to testify at the re-presentment before any prosecution witness appears (see, People v Stepteau, 81 NY2d 799 [1993]).
Accordingly, the defendant’s motion should be granted conditionally as follows: The indictment should be dismissed *830 unless, within a reasonable period not exceeding 45 days from the date of this decision and order, the District Attorney convenes a new Grand Jury to hear the case and affords the defendant a reasonable opportunity to testify. If the defendant fails to avail himself of the opportunity to testify before the new Grand Jury, his motion to dismiss should be denied and the instant indictment should remain in full force and effect. If the defendant does testify before the new Grand Jury, his motion to dismiss the instant indictment should be granted in the interest of justice.

. The defendant could not reasonably have attempted to regain the right through an early determination of competency in the Supreme Court as permitted by CPL 730.40 (3) because the examination reports were not completed until nearly a month after the Grand Jury presentment (see, People v Balukas, 95 AD2d 813, 814 [2d Dept 1983]).

. People v Rosario, 9 NY2d 286 (1961), cert denied 368 US 866.