■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN PETERSON, Appellant. [784 NYS2d 29]—

Judgment, Supreme Court, New York County (John Cataldo, J., on dismissal motions; Ronald A. Zweibel, J., at jury trial and sentence), rendered February 26, 2001, convicting defendant of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years (three terms) and 2 to 4 years, unanimously affirmed.

Defendant was not deprived of his right to testify before the grand jury, and the court properly denied defendant's motions to dismiss the indictment made on that ground and also claiming ineffective assistance of counsel and requesting dismissal in furtherance of justice. Defendant served notice of his intent to testify, and while attempting to prepare his client for such testimony, defendant's original attorney came to a reasonable conclusion, based on defendant's bizarre and incoherent responses, that there was sufficient doubt about defendant's mental competency to warrant a psychiatric examination. The court ordered such an examination and thus, under CPL 730.40 (3), the People were entitled to proceed with the grand jury presen-

tation without defendant's testimony. Two psychiatrists thereafter examined defendant and found him to be competent, and that finding was confirmed under CPL 730.30 (2) after an indictment had already been filed.

There is no basis for dismissal of the indictment. The statutory exception (CPL 730.40 [3]) to a defendant's right to testify before the grand jury was properly applied. Defendant's challenge to the constitutionality of that statute is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

The record establishes that defendant received effective assistance of counsel at all stages of the proceedings (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant's original attorney acted with caution and in his client's best interests, by protecting defendant from the danger that his possible mental problems might lead him to give damaging testimony that would be used against him at trial. We further conclude that neither the original attorney nor defendant's second Legal Aid Society attorney was operating under a conflict of interest that effected the representation defendant received with respect to the motions to dismiss the indictment.

Upon our review of the statutory factors (CPL 210.40 [1]), we conclude that there is no basis for dismissal in furtherance of justice. As noted, counsel had legitimate doubts about his client's competence, and this was not a case where "the defendant was deprived of the opportunity to testify before the Grand Jury on the basis of nothing more than a suspicion, ultimately disproved, that he was incompetent" (*People v Calvert*, 167 Misc 2d 823, 828 [Sup Ct, Queens County 1996]).

In any event, defendant has made no showing that had he been afforded the opportunity to testify, his testimony would have affected the outcome of the proceedings. "All that his appearance before the grand jury would do would be to give the prosecutor a preview of the defense" (*Jenkins v New York State*, 2003 WL 21804846, *2, 2003 US Dist LEXIS 13596, *5 [SD NY, Aug. 6, 2003]).

The court properly adjudicated defendant a second felony offender. Defendant did not sustain his burden of establishing that his prior felony conviction was constitutionally defective (*see People v Harris*, 61 NY2d 9, 15-16 [1983]).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.