■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. PECK, Appellant. [817 NYS2d 845]—Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 24, 2003. The judgment convicted defendant, upon a jury verdict, of arson in the third degree, criminal mischief in the second degree and overdriving, torturing and injuring animals (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]), criminal mischief in the second degree (§ 145.10) and two counts of overdriving, torturing and injuring animals (Agriculture and Markets Law § 353). Defendant failed to preserve for our review his contention that the conviction must be reversed as a consequence of a four-month preindictment delay (*see People v Cedeno*, 52 NY2d 847 [1981]; *People v Herriot*, 294 AD2d 599 [2002], *lv denied* 98 NY2d 711 [2002]; *People v McCrea*, 280 AD2d 976 [2001], *lv denied* 96 NY2d 941 [2001]), and that contention is without merit in any event (*see People v Beyah*, 302 AD2d 981 [2003], *lv denied* 99 NY2d 626 [2003]; *People v Andrade*, 301 AD2d 797, 798 [2003]; *People v Rivera*, 298 AD2d 612 [2002], *lv denied* 99 NY2d 619 [2003]). Contrary to defendant's further contentions, the conviction is supported by legally sufficient evidence, and the verdict with respect to arson and criminal mischief is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

The challenges by defendant to Agriculture and Markets Law § 353 as unconstitutionally vague and unconstitutional as applied to his situation are unpreserved for our review, and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see generally People v Baumann & Sons Buses, Inc.*, 6 NY3d 404, 408 [2006]; *People v Peterson*, 11 AD3d 336, 337 [2004], *lv denied* 4 NY3d 766 [2005]; *People v Rivera*, 7 AD3d 471 [2004], *lv denied* 3 NY3d 662 [2004]; *People v Miles*, 294 AD2d 930, 930-931 [2002], *lv denied* 98 NY2d 678 [2002]). We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

"To the extent [that] defendant challenges the amount of the

restitution order[s] as lacking record support, [his] claim is not properly before this Court for review because [he] did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order[s] during the sentencing proceeding" (*People v Horne*, 97 NY2d 404, 414 n 3 [2002], citing *People v Callahan*, 80 NY2d 273, 281 [1992]; *see People v Bland*, 27 AD3d 1052, 1053 [2006]; *People v McCorkle*, 298 AD2d 848, 848-849 [2002], *lv denied* 99 NY2d 561 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.